## JACOBS v. AMBRISTER et al.

No. 17993.   Opinion Filed April 17, 1928.

Rehearing Denied July 9, 1929.

Cicero I. Murray and Rittenhouse, Lee Webster & Rittenhouse, for plaintiff in error.

Cruce & Potter, Burford, Miley, Hoffman & Burford, T. J. Flannelly, Paul B. Mason, J. H. Hill, Ames, Cochran & Ames, Ledbetter & Ledbetter,, James A. Veasey, and L. G. Owen, for defendants in error.

HUNT, J. This is an appeal from a judgment of the district court of Carter county in an action filed therein by Annie Eva Jacobs, nee Carney, as plaintiff, against Sallie E. Ambrister et al., as defendants. The parties appear here as in the court below and will be thus referred to, that is, the plaintiff in error as plaintiff and the defendants in error as defendants. Henry Carney was a full-blood Choctaw Indian and as such was allotted 160 acres of land described as the southeast quarter of section 15, township 4 south, range 2 west, as his distributive share of the lands of the Choctaw Nation. Said Henry Carney died intestate, unmarried, and without issue in McCurtain county, state of Oklahoma, on the 25th day of November, 1914, being at that time about 16 years of age. On the date of his death he was seized and possessed of the fee-simple title to the above-described lands. His father, Edward

Carney, and his mother, Lizzie Carney, were duly enrolled full-blood citizens of the Choctaw Nation, the father, Edward Carney, having died sometime prior to the death of Henry Carney. Said Henry Carney left surviving him his mother, Lizzie Carney, and his sister, Annie Eva Carney, now Jacobs, the plaintiff herein. It is the contention of the plaintiff herein that upon the death of said Henry Carney, the title of the lands above described as the allotment of said Henry Carney descended and vested in his said mother, Lizzie Carney, and herself, as heir of the father, in equal parts; that is, an undivided one-half interest to each. The defendants herein contend that all of said lands descended and vested in the said Lizzie Carney, the mother of allottee. and that they are now the owners of same by reason of mesne conveyances duly and legally conveying all title to said land.

The defendants demurred to plaintiff's petition, which said demurrer was sustained. On the sustaining of the demurrer, the plaintiff elected to stand on her petition as filed, and the court thereupon entered judgment in favor of defendants and dismissed the plaintiff's petition.

The sole question presented for determination here is whether or not plaintiff herein, sister of the said Henry Carney, as heir of the father, is entitled to inherit any part of the allotment of her deceased brother under the laws of descent and distribution in force in this state at the time of the death, to wit, November 25, 1914, it being the contention of plaintiff that subdivision 7 of section 11301, C. O. S. 1921, is applicable and controlling herein, same being as follows:

"Seventh: If the decedent leave several children, or one child and the issue of one or more children, and any such surviving child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such decedent, descends in equal shares to the other children of the same parent, and to the issue of any such other children who are dead, by right of representation."

It was contended by the defendants that subdivision 2 of section 11301, providing:

"* * * If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares * * *"
—controls the devolution of this estate, and that the mother. therefore, inherits the entire allotment to the exclusion of the surviving sister, plaintiff herein.

This identical question was involved in case No. 18265, Levina Cooper, nee Perry, v. Spiro State Bank, decided by this court on April 10, 1928 (137 Okla. 265, 278 Pac. 648), and the same contention was made there and the same authorities cited in support thereof as here. Said case was decided adversely to plaintiff's contention here, and said decision is controlling in the instant case.

It therefore follows that this case must be affirmed upon authority of that case and the cases therein cited, and it is so ordered.

HARRISON, PHELPS, LESTER, and CLARK, JJ., concur.

HEFNER, J., not participating.