## MEASHINTUBBY et al. v. HARRIS et al.

No. 17960.　Opinion Filed Oct. 8, 1929.

Cicero I. Murray and Rittenhouse, Lee, Webster & Rittenhouse, for plaintiffs in error.

Cruce & Potter, Koerner, Fahey & Young, and L. B. Woodson, for defendants in error.

HUNT, J. This is an appeal from the judgment of the district court of Carter county in an action filed therein by Jackson Meashintubby, Abe Meashintubby, and Wisey Meashintubby, a minor, by her guardian, Jackson Meashintubby, against W. A. Harris, Edwin B. Cox, H. B. Fain, the Roxana Petroleum Corporation, the Wolverine Petroleum Corporation, Andrew Kingkade, trustee, and the unknown heirs, devisees, trustees, assigns, administrators and executors of Andrew Meashintubby, and the unknown heirs, devisees, trustees, assigns, administrators and executors of Lizzie Meashintubby, deceased. The parties appear here as in the court below, and will be so referred to herein.

Andrew Meashintubby was a full-blood Choctaw Indian, duly enrolled as such, and was allotted the land involved herein as his distributive share of the lands of the Choctaw Nation. Said Andrew Meashintubby died intestate, unmarried, and without issue in Pushmataha county, Okla., on the 7th day of February, 1908, being at that time about five years of age. On the date of his death he was seized and possessed in fee simple title to the lands involved in this controversy, and left surviving him his father, Jackson Meashintubby, and mother, Lizzie Meashintubby, who were duly enrolled full-blood citizens of the Choctaw Nation.

It is the contention of plaintiffs herein that upon the death of said Andrew Meashintubby title to the allotment of which he died seized and possessed descended and vested in the father and mother, an undivided one-half interest in each, and that upon the subsequent death of the mother, Lizzie Meashintubby, her interest in said land descended and vested in her heirs, the same being her husband, Jackson Meashintubby, and children, Wisey and Abe Meashintubby, and that the plaintiffs herein were the owners of said interest.

The defendants herein contend that all of said land descended and vested in Jackson Meashintubby, the father of the allottee, upon the death of said allottee, and that they are now the owners of same by reason of mesne conveyances of said land. The defendants demurred to the petition of plaintiff, which said demurrer was sustained. On the sustaining of the demurrer, the plaintiffs elected to stand on their petition as filed, and the court thereupon entered judgment in favor of defendants and dismissed the plaintiffs' petition, and from this judgment plaintiffs prosecute this appeal.

The sole question presented for determination is whether or not the plaintiffs herein, as heirs of the mother of the deceased allottee, are entitled to inherit any part of the allotment of Andrew Meashintubby under the law of descent and distribution in force in this state at the time of the allottee's death, to wit: February 7, 1908; it being the contention of plaintiffs that subdivisions 7 and 8, section 6895, Laws 1903 (now subdivisions 7 and 8, section 11301, C. O. S. 1921), are applicable and controlling herein, the same being as follows:

"Seventh. If the decedent leave several children or one child and the issue of one or more children, and any such surviving child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such decedent, descends in equal shares to the other children of the same parent, and to the issue of any such other children who are dead, by right of representation.

"Eighth. If, at the death of such child who dies under age, not having been married, all the other children of his parents are also dead, and any of them have left issue, the estate that came to such child by inheritance from his parent descends to the issue of all other children of the same parent; and if all the issue are in the same degree of kindred to the child, they share the estate equally; otherwise, they take according to the right of representation."

It was contended by defendants that subdivision 2 of section 6895, Laws of 1903, providing: " * * * If decedent leave no issue, nor husband nor wife, the estate must go to the father," controls the devolution of this estate, and that the father of Andrew Meashintubby therefore inherited the entire allotment to the exclusion of the surviving mother. There is no controversy as to this being the law in force at the

time of the death of the allottee, and that, under defendants' theory of the case, the father would be the sole heir.

This question was involved in the case of Levina Cooper, nee Perry, v. Spiro State Bank, 137 Okla. 265, 278 Pac. 648, decided by this court on April 10, 1928, and the same contention was made there, and the same authorities cited in support thereof, as here. Said case was decided adversely to plaintiffs' contention here, and said decision and the decisions hereinafter cited, following same, are controlling in this case. See, also, Jacobs v. Ambrister, 137 Okla. 227, 278 Pac. 653; Lowman v. Sharp, 137 Okla. 300, 279 Pac. 325; Watson v. Ellis, 137 Okla. 300, 279 Pac. 325; Watson v. Richards, 137 Okla. 299, 279 Pac. 326.

It therefore follows that this case must be affirmed upon authority of these cases and the cases cited therein, and it is so ordered.

All the Justices concur, except RILEY, J., dissenting, and HEFNER, J. not participating.