## BOARD OF COM'RS OF WAGONER COUNTY v. SCHOOL DIST. NO. 1.

No. 18744. Opinion Filed May 28, 1929.

Rehearing Denied July 16, 1929.

John Moss (Redmond S. Cole, of counsel), for plaintiff in error.

Watts & Broaddus, for defendant in error.

HERR, C. School district No. 1 in Wagoner county, brought this action in the district court of said county against the board of county commissioners, to recover funds derived from gross production tax and apportioned to said county in aid of common

schools. There is located in said district a separate or colored school. The school district admitted receiving the per capita amount due it based upon the population of the majority scholastics residing in said district. The judgment was in favor of plaintiff. Defendant appeals.

Plaintiff is what is known as a common school district and contends that all the money derived from the gross production tax and apportioned to said district in aid of common schools belongs to it, and may be used in support of the majority school to the exclusion of the minority school; that the minority school must be supported entirely by and through general ad valorem taxation.

This contention cannot be upheld in view of the holding of this court in the cases of Board of Education, City of Sapulpa, v. Board of Co. Com'rs, Creek Co., 127 Okla. 132, 260 Pac. 22, and School Dist. No. 7, Creek Co., v. Board of Co. Com'rs, Creek County, 135 Okla. 1, 275 Pac. 292. These cases hold that both majority and minority schools are entitled to participate in state aid funds in the same proportion and ratio that their respective scholastic enumeration bears to the entire district school population.

In the case last cited, it is held that the school district is not entitled to recover from the county that portion of the fund belonging to the minority school; that the district board has neither authority nor control over such school or fund held for its benefit; that the county treasurer receives and holds said funds for the benefit of such school, and that the same can only be withdrawn and disbursed by warrants drawn by the county clerk on the county treasurer and countersigned by the county superintendent.

Under these authorities, plaintiff was not entitled to recover. Judgment should be reversed, and the cause remanded, with instructions to enter judgment in favor of defendant.

BENNETT, DIFFENDAFFER, LEACH, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.