### BOARD OF COM'RS OF OKMULGEE COUNTY v. SCHOOL DISTRICT NO. 25

No. 18706. Opinion Filed Jan. 7, 1930.

Commissioners' Opinion, Division No. 2.

A. N. Boatman, Co. Atty., and C. M. Gordon, Asst. Co. Atty. (Redmond S. Cole, on brief), for plaintiff in error.

A. L. Beckett and Creekmore Wallace, for defendant in error.

DIFFENDAFFER, C. This action was commenced, by defendant in error, hereinafter referred to as plaintiff against plaintiff in error hereinafter referred to as defendant to recover certain monies alleged to be due plaintiff, arising out of funds commonly known as state and county apportionments of the common school funds, covering the years of 1915 to 1922, inclusive.

The sole question involved is the right of plaintiff, a common school district, to receive that part of the common school apportionment, state and county, derived from or by reason of the negro or separate school children residing within the district.

During the period involved, about $3,900 was apportioned to that county on account of negro children of school age residing within the limits of school district No. 25, plaintiff herein, which sum was not paid over to the credit of the school district, but was apportioned to the separate schools, and used from year to year in making up the financial statements and estimates in connection with the separate school maintained in that district by the board of county commissioners. For this sum, together with interest thereon to the amount of $994.85, plaintiff sued.

The cause was tried to the court upon an agreed statement of facts, and judgment rendered for plaintiff. From this judgment, defendant appeals.

The contention of plaintiff has been denied by this court, and it has been held in a number of cases that a common school district is not entitled to recover under the facts involved herein. Board of Co. Com'rs, Carter Co., v. School District No. 71, 135 Okla. 248, 275 Pac. 302; Board of Co. Com'rs v. School District No. 36, 135 Okla. 249, 275 Pac. 303; Board of Co. Com'rs v. School District No. 34, 135 Okla. 249, 275 Pac. 303; Board of Co. Com'rs v. School District No. 30, 135 Okla. 249, 275 Pac. 303; Board of Co. Com'rs, Wagoner Co., v. School Dist. No. 1, 137 Okla. 193, 279 Pac. 326; Board of Education of Sapulpa v. Board of Co. Com'rs, Creek Co., 127 Okla. 132, 260 Pac. 22; School District No. 7, Creek Co., v. Board of Co. Com'rs, 135 Okla. 1, 275 Pac. 292.

In the latter case, it was held:

"In a common school district, the district board has neither authority nor control over the separate school. It neither employs teachers nor disburses the funds of the separate school. The estimate for the maintenance and support of such separate school is made by the county commissioners. The county superintendent employs the teachers and prescribes the rules and regulations for the separate school. The funds are disbursed by warrants drawn by the county clerk on the county treasurer and countersigned by the county superintendent."

These cases, we think, conclusively settle the question here involved in favor of defendant. Plaintiff, however, insists that the rule announced in the above cases is in conflict with section 3, art 11, of the Constitution, which provides that the interest and income from the permanent school fund and the net income from school lands granted by the United States to the state for the benefit of the common school, etc., "shall be used and applied each year for the benefit of the common schools of the state, and shall be for this purpose apportioned among and between all the several common school districts * * * in proportion to the school population of the several districts, and no part of the fund shall ever be diverted from this purpose, or used for any other purpose than the support and maintenance of common schools for the equal benefit of all the people of the state."

It is argued that under this section the ultimate unit of distribution is the school district, and therefore the several counties are not authorized to receive and use any part of these funds for the support and maintenance of separate schools.

Granting the truth of the assertion that the school district is the ultimate unit of distribution, it does not follow that separate schools are not entitled to any part of this fund. This question, we think, is conclusively settled in Board of Education of Sapulpa v. Board of Co. Com'rs, Creek Co., supra. In that case, Mr. Justice Riley, speaking for the court, in construing section 3, art. 11 of the Constitution, together with certain sections of the statutes dealing with the common school system, calls attention to section 10322, C. O. S. 1921, which provides:

"The provisions of this article shall not be construed as limiting the operation of law providing for the formation of separate districts for white and colored children, but the formation of any district, under such law, shall be construed to be the formation of a new district with like effect as though such new district was formed in territory unorganized for school purposes."

And in construing this section said:

"Which is to say, the formation of any separate school shall be construed to be the formation of a new school district with like effect," etc.

By the terms of section 10322, supra, the formation of any separate school, within the territorial limits of any district, is, in effect, the formation of a new district with like effect as though such new district was formed in territory unorganized for school purposes. This section, though legislative construction of the effect of the formation of a separate school and not necessarily binding on this court, yet, we think, is a reasonable and correct construction, and that it should be adopted and approved. Then the separate schools are districts within the meaning of the Constitution and bring the decisions referred to squarely within the provisions of section 3, article 11 of the Constitution, and such districts are certainly entitled to their proportionate share of these funds. It matters not whether the separate schools are placed in charge of and under the supervision of the board of county commissioners, as is the case where such schools are not within the territorial limits of an independent district, or under the control and supervision of a board of education as they are, where such separate schools are located in a city of the first class, or a city operating under a charter. The officers or governing body in charge of such schools are entitled to receive these funds, and they must be expended for the support and maintenance of such schools. In this manner the expendi-

ture of the apportionments mentioned is brought in complete harmony with the last clause of section 3, art. 11, which requires that the funds so derived must not be diverted from this purpose, or used for any other purpose than the support and maintenance of common schools **for the equal benefit of all the people of the state.**

It follows that the judgment of the trial court was erroneous and for the wrong party.

The judgment should be reversed, and the cause remanded, with directions to enter judgment for the defendant.

BENNETT, HERR, LEACH, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Schools and School Districts," 35 Cyc. p. 822, n. 3; p. 847, n. 78.