## POTTAWATOMIE COUNTY v. CHICAGO, R. I. & P. RY. CO.

No. 24835. Feb. 13, 1934.

Clarence Tankersley, County Attorney, and Ray Evans, City Atty., for plaintiff in error.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for defendant in error.

ANDREWS, J. This is an appeal by the protestee from a judgment of the Court of Tax Review sustaining a protest of the Chicago, Rock Island & Pacific Railway Company against certain tax levies made by the excise board of Pottawatomie county, Okla., for the fiscal year commencing July 1, 1932.

The first item involves an appropriation for the county separate school fund, in which was included an appropriation for the use of independent school district No. 93, in which separate schools are conducted. Included in that appropriation was an amount for the salary of a superintendent for the separate schools and an amount for compensation for officers and clerks.

The record shows that independent school district No. 93 employed one Mr. Carmichael as superintendent of its schools, and that it also employed him as superintendent of the separate schools.

It is stated in the brief of the plaintiff in error that the question before the court for decision is, Did the board of education of independent school district No. 93 have authority to employ a superintendent for the separate schools within that district and to compensate such superintendent out of the separate school funds of the county? A similar question is whether or not it had the authority to compensate officers and clerks out of the separate school fund of the county.

In support of its contention the plaintiff in error says that separate schools for white and colored children with like accommodation are to be provided by the Legislature, and that since the county superintendent is the superintendent of separate schools other than those in independent districts, and that since superintendents are furnished for majority schools in independent districts, superintendents are necessary for separate schools in independent districts. In making that statement the plaintiff in error fails to give consideration to the fact that the salaries of the county superintendents are not paid from the separate school funds of the counties, and it fails to give consideration to the fact that the Legislature has not authorized the employment by an independent school district of a superintendent for the separate schools within that district, to be compensated from the separate school funds of the counties.

Under the provisions of sections 7045 and 7046, O. S. 1931, the boards of education in independent districts are authorized to contract with and employ teachers of the separate schools within such independent districts.

Since the Legislature has authorized the employment of teachers by the boards of education in independent districts for the separate schools within those districts, and since it has not authorized the employment of superintendents for such separate schools, we find and hold that there is no authority of law for the board of education of an independent school district to employ a superintendent for separate schools separate and apart from the superintendent employed for all of the schools within the district.

While under the provisions of section 7040, O. S. 1931, it is made the duty of boards of education to prepare separate budgets of.

the amount of money that will be required to be raised by taxation for the support and maintenance of the separate schools within independent school districts, the Legislature has never provided that such budgets shall include any amount for the compensation of officers and clerks of the board of education or for compensation of the superintendents of separate schools employed by the boards of education. We find no authority for such employment to be paid for out of the separate school funds of the county, and since no provision has been made by law therefor, the inclusion of the amounts in question in the amount appropriated was without authority of law and is void.

The plaintiff in error says that the public schools of the state shall be organized and maintained upon a complete plan of separation between the white and colored races. The plan adopted by independent school district No. 93 is in direct conflict therewith, for that plan contemplates the same superintendent for the separate schools as is employed for the majority schools, and it is in conflict with the plan followed in counties where a white county superintendent acts as superintendent of the schools for colored people.

While the separate schools are entitled to the same type of supervision as the majority schools, that fact does not determine the issue in this case. The Legislature has placed the control of the separate schools in independent districts in the boards of education of the independent school districts, that is, it has made the boards of education of the independent school districts the agents of the state or counties conducting the separate schools within those districts. This it was authorized to do without making any provision for the payment of the cost of that supervision from the separate school funds of the county. A review of all of the statutes convinces us that the legislative purpose is that the superintendent of schools employed by the board of education of an independent school district is to be the superintendent of all of the schools within that district.

The second item of protest is to the general fund of independent school district No. 93. That protest was based on the contention that the estimate of receipts from other sources was in an amount in excess of the amount received during the preceding fiscal year.

That issue involved a question of fact on which the evidence was conflicting. We cannot say that the judgment of the Court of Tax Review was against the clear weight of the evidence.

For the reasons stated the judgment of the Court of Tax Review is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur.