## STATE ex rel. HIGGS v. MUSKOGEE IRON WORKS, Inc.

No. 29401.   May 14, 1940.

Rehearing Denied June 11, 1940.

*103 P. 2d 101.*

Jno. W. Porter, of Muskogee, for plaintiff in error.

C. A. Ambrister, of Muskogee, for defendants in error.

HURST, J. This is an action to recover a penalty under sections 5964 and 5965, O. S. 1931, 62 O. S. A. §§ 372, 373. The material facts are that on July 8, 1937, a contract was entered into between the defendants whereby Muskogee Iron Works agreed to furnish certain material for the erection of a steel and corrugated iron building for a price specified therein. This contract was let upon sealed bids pursuant to advertisement therefor, Muskogee Iron Works being the lowest bidder. In due time the building was completed, and the contract price paid by the city. Ollie Lee, a foundry foreman of Muskogee Iron Works, was at the time the contract was let a member of the Muskogee city council, which apparently consisted of some 16 members. Within a year ·after the contract price had been paid

by the city, relator caused to be served upon the mayor and city council a notice and demand, signed by 13 purported taxpayers of the city, reciting that by reason of the dual relationship of Ollie Lee to the city and Muskogee Iron Works the contract was illegal and void, and demanding that action be taken by the city to recover the contract price. The city ignored the demand, whereupon relator filed this action. The trial court set aside a default judgment taken against Muskogee Iron Works, overruled plaintiff's motion for an instructed verdict at the close of all the evidence, and submitted the case to the jury, which returned a verdict for defendants, and from judgment on the verdict plaintiff appeals.

1. The first question for decision is whether the trial court committed reversible error in vacating the default judgment rendered against the defendant Muskogee Iron Works. The motion to vacate said judgment was filed and sustained during the term of court at which the default judgment was entered. The city of Muskogee was made a party defendant. The same attorney represented both defendants. Before answer day the defendants' attorney filed a motion to make additional parties defendant, intending, so the court found in the order vacating the default judgment, to join both defendants in said motion, but by inadvertence he joined only the city therein, thereby making default on the part of the Muskogee Iron Works. Default judgments are not favored. Morrell v. Morrell, 149 Okla. 187, 209 P. 866. Furthermore, we are committed to the rule that the district court has control of all its judgments during the term at which they are rendered, and orders vacating them during the term will not be disturbed by this court unless a clear abuse of discretion is shown. Hart v. Howell, 184 Okla. 146, 85 P. 2d 401. No abuse of discretion is shown here, and the order vacating the default judgment will not be disturbed.

2. It is unnecessary to pass upon the contention of the plaintiff that the contract was invalid because of Lee's employment with the Muskogee Iron Works. The verdict finds support in the evidence as to the number of taxpayers who signed the notice and demand. The demand which was served on the city September 26, 1938, was signed by 13 persons, 12 of whom testified at the trial. There was no testimony as to whether the signer who did not testify was a resident taxpayer. Two of the 12 testified that they paid sales taxes, but no property taxes. One of the 12 (Fearnside) testified that he had owned no property in Muskogee for two years preceding the trial, which was May 18, 1939, but that he thought he paid personal taxes in the city during 1937 and 1938. The question, then, is whether these four were "resident taxpayers of such * * * city" as required by section 5965, supra.

This statute, like all penal statutes, must be strictly construed. State ex rel. Sweeney v. Oklahoma Natural Gas Corp., 177 Okla. 62, 57 P. 2d 626. The burden is upon the plaintiff in such an action to plead and prove that a demand signed by ten resident taxpayers of the municipality was served as required by the statute. Buckeye Engine Co. v. City of Cherokee, 54 Okla. 509, 153 P. 1166. The term "resident taxpayer of such city" means persons who are property taxpaying residents of the city who pay, or are liable for the payment of, taxes for the support of the city, and who would be injured by the improper or illegal expenditure of the city funds, or disposition of the city property. Baugh v. Little, 140 Okla. 206, 282 P. 459; Dowler v. State ex rel. Prunty, 179 Okla. 532, 66 P. 2d 1081; McQuillin on Municipal Corporations (2d Ed.) § 2740; 44 C. J. 1377. No part of the sales tax goes to the city (section 3, art. 10, chap. 66, S. L. 1937), and it follows that the two who paid sales taxes only are not taxpayers of the city as required by the statute. The proof was not sufficient to establish that Fearnside was such a taxpayer.

The plaintiff did not prove that the demand was signed by ten resident taxpayers of Muskogee, and the verdict of the jury was proper.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, DAVISON, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.