[Civil No. 4428.   Filed July 7, 1941.]

[115 Pac. (2d) 160.]

## PRESCOTT COMMUNITY HOSPITAL COMMIS-SION, Appellant, v. PRESCOTT SCHOOL DIS-TRICT No. 1 OF YAVAPAI COUNTY, ARI-ZONA, Appellee.

Messrs. Favour, Baker & Crawford, for Appellant.

Mr. Sam J. Head, County Attorney, and Mr. Arthur J. Selna, Deputy County Attorney, for Appellee.

LOCKWOOD, C. J.—This is an action by Prescott Community Hospital Commission, plaintiff, against Prescott School District No. 1 of Yavapai County, defendant, to obtain a declaratory judgment determining the validity of a certain lease executed by defendant in favor of plaintiff.

The facts of the case are not in dispute and may be stated as follows: Defendant is a school district with boundaries covering Prescott and the adjoining vicinity. Lots 1 to 10, inclusive, of block 39 of the city of Prescott belong to the district, and it has thereon a red brick schoolhouse with four class rooms and an auditorium, known as the Jefferson school, which has long been used for school purposes. Plaintiff is a legal entity organized for the purpose of maintaining a community hospital in the city of Prescott. On February 11, 1941, it leased the above premises from defendant. The term of the lease is for five years at an annual rental of one dollar, payable in advance. The lessee is granted the privilege of renewing it for periods of five years each for an indefinite period upon the terms and conditions of the original lease. It agrees to keep the building in repair and insured in favor of the lessor, and to pay all light, power, water and gas charges against the property, and that it will not allow any business to be conducted on the premises in violation of law. In case the premises are totally destroyed the lease is terminated. If, however, they are only partially destroyed and can be repaired and replaced in sixty days by the lessee, the latter may do so, in which case the lease continues. There are other of the usual provisions found in a lease but these are vital factors.

Looking through the form to the substance, as it is the duty of this court to do in construing a document of this nature, it appears that the lessee in substance secures a gift of the premises for such time as it may see fit, subject only to the condition that it must keep them in repair and free of charges for any purpose. The only condition under which the lessor may terminate the lease is that the property is completely destroyed. It is evident that this lease is not meant for the benefit of defendant, or of both parties, but is for the benefit of plaintiff entirely.

School districts are created by the state for the sole purpose of promoting the education of the youth of the state. All their powers are given them and all the property which they own is held by them in trust for the same purpose, and any contract of any nature which they may enter into, which shows on its face that it is not meant for the educational advancement of the youth of the district but for some other purpose, no matter how worthy in its nature, is *ultra vires* and void.

It is not necessary that we consider whether under the provisions of section 54–416, Arizona Code 1939, the district can lease school property to other parties for any purpose. Certainly under the most liberal construction of that section it may not lease its property under the circumstances and conditions of the lease here in question.

Nor is it necessary for us to discuss most of the cases cited by the parties in their briefs, as they are generally based on special statutory provisions. The three cases most nearly in point are *Madachy et al.* v. *Huntington Horse Show Ass'n,* 119 W. Va. 54, 192 S. E. 128, 111 A. L. R. 1046; *Herald* v. *Board of Education,* 65 W. Va. 765, 65 S. E. 102, 31 L. R. A. (N. S.) 588; and *Atlas Life Ins. Co.* v. *Board of Education,* 83 Okl. 12, 200 Pac. 171. While these cases

differ as to the result reached, so far as the validity of the particular leases in question are concerned, yet we think they all recognize the principle that any disposition of school property must be for the benefit of the district and not a gift to other parties.

It is doubtless true that the maintenance of a hospital in the city of Prescott is a most praiseworthy objective, and that contributions for that purpose by those individuals or organizations which are legally permitted to make them are most commendable, but school districts are not permitted to give away the property of a district even for the most worthy purpose, and since it appears clearly by the terms of the lease that this is its practical effect, we hold that it is *ultra vires* and void.

The judgment of the trial court is affirmed.

McALISTER and ROSS, JJ., concur.