BOARD OF ED., CITY OF MUSKOGEE, v. BALDWIN et al.

No. 30899. May 25, 1943.

*137 P. 2d 932.*

Charles P. Gotwals, Wm. A. Killey, and James D. Gibson, all of Muskogee, for plaintiff in error.

Malcolm E. Rosser and Malcolm E. Rosser, Jr., both of Muskogee, for defendants in error.

PER CURIAM. This action was instituted by Claud Baldwin, a resident of school district No. 41 in Muskogee county, against J. R. Holmes, superintendent of schools in the city of Muskogee; G. G. Morgan, county superintendent; and Arthur Catlett, James Lathim, W. L. Stone, C. A. Ambrister, constituting the school board of school district No. 20 of Muskogee county, to enjoin the sale of certain school busses which were the property of the defendant school district and also to enjoin closing of the schools in said district before the end of their term.

The plaintiff in his petition alleged, in substance, that he is a resident taxpayer of Muskogee county and had three children of school age; that the school district in which he resided had been abolished by the county superintendent and that the children in said district had been transferred to the schools of the city of Muskogee; that the county superintendent had repre-sented that busses would be furnished to transport said children to and from the schools to which they had been transferred; that defendant had bought a number of busses and placed them in operation to furnish transportation to said children, and that such transportation had been and was being furnished but that defendant had advertised that it was going to sell the busses, and that if it were permitted to do this, it would deprive the children in outlying districts of the transportation which they had been receiving and would violate the promise which had been made to the people in said districts. Plaintiff prayed that the defendant be permanently enjoined from selling any of its said busses or attempting to do so, and it also be enjoined from closing its school before the end of their regular term.

The trial court, upon a reading of the petition, granted a temporary restraining order restraining the defendant from selling or attempting to sell any of its said busses pending a hearing on the petition for permanent injunction. M. G. Hargis, a resident of school district No. 5, and Charlie Akin, a resident of school district No. 29 in said county, intervened in the action and alleged substantially the same matters that had been pleaded by the plaintiff as being true in their respective school districts, and prayed for the same relief as that sought by the plaintiff.

At the trial the evidence disclosed that defendant had found it necessary as a matter of economy, and in order to enable it to operate its schools for a minimum period of eight months, to sell the busses which it had been using to transport pupils from outlying districts, but that it had no intention of leaving the children in said districts without transportation, and that it had made arrangements for the continuance of such transportation to the end of the school year. The trial court, however, rendered judgment in favor of plaintiff and interveners for a temporary injunction which enjoined the defendant from selling or attempting to sell any

of its busses. Motion to vacate said injunction was heard and denied as was likewise motion for new trial. Defendant thereupon appealed to this court and upon motion this injunction was by conference order vacated so as to permit the defendant to proceed with the contemplated sale of its busses.

The sole issue we are now called upon to decide is whether the injunction was one which should not have been granted.

That the defendant had the right, power, and authority to sell the busses is not now disputed, neither is it contended that the action of the defendant in so doing was either arbitrary or oppressive or constituted an abuse of discretion. The sole ground urged to sustain the action of the trial court is that the plaintiff and interveners thought that they were entitled to the injunction, and that they should not now be placed in a position where they may have to answer to the defendant for the wrong done to it in procuring the injunction. The plea does not appeal to us and comes too late. In Brooks v. Shannon, 184 Okla. 255, 86 P. 2d 792, we said:

"Under the authority granted by the provisions of section 6861, O. S. 1931, and section 6867, O. S. 1931, as amended by chapter 34, article 2, S. L. 1937, boards of education in independent school districts in cities of the first class possess the power and authority to maintain and operate a complete public school system of such character as the board of education shall deem best suited to the needs of the school district, and to hold and convey such personal and real estate as the school district may come into possession of by will or otherwise, or as is authorized to be purchased under the law governing such school districts, and to exercise sole control over all school property of the district.

"The board of education in independent school districts in cities of the first class have the legal right, power, and authority to abandon one or more of the elementary schools composing the school system of the district, when such board of education, after careful consideration, has reached the conclusion that the best interest of the entire school system would result in such abandonment and assignment of students attending such school to other schools in the system.

"Where boards of education in independent school districts act within the limits of the power conferred upon them, their discretion cannot be interfered with by injunction, unless their action is so clearly unreasonable as to amount to an oppressive and manifest abuse of discretion; and this general rule applies, although the discretion may be widely exercised."

Since the sale of the busses by the defendant was one which it could lawfully make, its discretion in doing so could not be interfered with by injunction. It follows that the injunction ought not to have been granted.

The judgment of the trial court is reversed and remanded, with directions to vacate the injunction.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. RILEY and DAVISON, JJ., absent.