STATE ex rel. BROWN v. BOARD of EDUCATION et al.

No. 31098. Oct. 10, 1944.

*152 P. 2d 262.*

A. J. Morris, of Anadarko, for plaintiff in error.

Pruett & Wamsley, of Anadarko, for defendants in error.

PER CURIAM. This action was instituted in the name of the State of Oklahoma ex rel. B. H. Brown, hereinafter referred to as plaintiff, against board of education of independent school district "A" of the city of Anadarko and J. Leslie Hileman, H. R. Flowers, H. A. Sparkman, and Ross Wilkerson, officials of said board, hereinafter referred to as defendants, to recover twice the amount of an expenditure which had been made out of the funds of the separate school of said district in connection with the purchase of busses for the independent school and the separate school.

Plaintiff in his petition alleged, in substance, that the defendants had unlawfully expended the sum of $2,300 of the funds of the separate school of said independent district. The illegality was said to consist in the acts of the defendants in drawing warrants in payment of certain property which the separate school had purchased from the independent school to creditors of the independent school rather than to the school itself. The answer of the defendants consisted of a general and specific denial and a plea of good faith in the transaction. Reply was a general denial. Trial was had to a jury. The evidence adduced at the trial disclosed substantially the following state of facts: That appropriations had been made for the purpose of purchasing busses for both the separate school and independent school; that the separate school had no busses and that the independent school had on hand two busses which were adequate for the needs of the separate school but which were inadequate for the needs of the independent school; that the defendants sold the aforesaid busses to the separate school for the sum of $2,300 and bought three other busses for the use of the independent school; that defendants instead of drawing a warrant on the separate school funds payable to the independent school drew two warrants which aggregated the sum of $2,300 and made them payable to persons from whom the independent school had purchased busses to replace those which it had sold to the separate school and had used the same in part payment of the busses which the independent school had acquired to replace those which had been sold. There was no evidence of any fraud in the transaction or of any loss which the separate school had sustained. Under the evidence substantially as above narrated, the jury re-

turned a verdict in favor of the defendants, and the plaintiff appeals.

Plaintiff as grounds for reversal urges four propositions which may be summarized as follows: (1) A separate school constitutes a distinct entity from the district in which it is situate; (2) in the administration of the affairs of separate schools the board of education acts as the agent of the county; (3) the purpose for which a tax levy is made must be distinctly stated and a tax levied and collected for such purpose may not be diverted to any other use; (4) the use of funds of a municipality for a purpose other than that for which they were levied is illegal and renders the officers of the municipality liable for twice the amount thereof irrespective of good faith of the officers. In support of the contentions so made our attention is directed to Board of Education of City of Sapulpa v. Board of Commissioners of Creek County, 127 Okla. 132, 260 P. 22; Board of Com'rs, Okmulgee County, v. School Dist. No. 25, Okmulgee County, 141 Okla. 65, 283 P. 1008; American State Bank v. Board of Com'rs of Muskogee County, 143 Okla. 1, 286 P. 902; Pottawatomie County v. Chicago, R. I. & P. R. Co., 167 Okla. 325, 29 P. 2d 587; sec. 9, art. 10 of the Constitution; Hull v. Board of Education of City of Bartlesville, 150 Okla. 30, 300 P. 775; School Dist. No. 4, Garfield County, v. School Dist. No. 4½, Garfield County, 153 Okla. 171, 4 P. 2d 1031; State ex rel. Hatfield v. Moreland, 152 Okla. 37, 3 P. 2d 803. An examination of the cases so cited will reveal that they are authority for the abstract proposition of law advanced by the plaintiff. We, however, are of the opinion that they are wholly without application to the facts involved in the case at bar.

The authority of the defendants to make a sale of the busses which belonged to the independent school to the separate school is not open to question. See Board of Education of City of Muskogee v. Baldwin, 192 Okla. 531, 137 P. 2d 932; Brooks v. Shannon, 184 Okla. 255, 86 P. 2d 792. The defendants were likewise enpowered to draw warrants on the funds of the separate school in payment of the busses sold to and purchased by it. The defendants also had authority to buy busses for the independent school to replace the busses which had been sold and to pay for the same out of the funds belonging to said school. The proper procedure would have been to draw a warrant on the funds of the separate school payable to the independent school and to then draw warrants of said school in payment of the busses purchased by it rather than proceeding in the manner in which the defendants did, but this is a matter of which the separate school and its patrons cannot properly complain since the separate school was not injured in any manner by the transaction. Under 70 O. S. 1941 §132, it is provided:

"Every officer of any school district who shall hereafter order or direct the payment of any money or transfer of any property belonging to school district in settlement of any claim known to such officer to be fraudulent or void, or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made, for any school district by any officer or officers thereof, and every person having notice of the fact with whom such unauthorized, unlawful or fraudulent contract shall have been made, or to whom, or for whose benefit such money shall hereafter be paid, or such transfer of property shall be made, shall be jointly and severally liable in damages to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable to the school district affected for double the amount of all such sums of money so paid, and double the value of property so transferred, as a penalty to be recovered at the suit of the proper officers of such school district, or of any resident taxpayer thereof, as hereinafter provided."

The above-quoted statute is penal in nature and is to be strictly construed in an action brought by a taxpayer to recover the penalty therein provided. See Cummings v. Board of Education of Oklahoma City, 190 Okla. 533, 125 P.

2d 989; State ex rel. Higgs v. Muskogee Iron Works, 187 Okla. 419, 103 P. 2d 101. Errors which do not constitute a fraud upon the school district and which result in no injury thereto cannot be seized upon by taxpayers to collect an unrighteous penalty. See State ex rel. Grimes v. Board of Education of Oklahoma City, 186 Okla. 665, 99 P. 2d 876; Board of Education of Oklahoma City v. Cloudman, 185 Okla. 400, 92 P. 2d 837; State ex rel. Murphy v. Board of Education of Oklahoma City, 185 Okla. 654, 95 P. 2d 103.

The action here involved was one properly triable to a jury as a matter of right and the verdict of the jury is entitled to the same consideration as that of a jury in any other civil action in which trial by jury is proper as a matter of law. The verdict rendered appears to have been reached after due consideration and a fair trial and upon instructions which were free from any fundamental error. Under these circumstances the verdict is conclusive upon this court as to all the facts involved. The record which has been brought here presents no reversible error.

Judgment affirmed.

CORN, C. J., and RILEY, OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur.