JOACHIM v. BOARD OF EDUCATION OF WALTERS et al.

No. 35385.   Oct. 14, 1952.

*249 P. 2d 129.*

---

Wm. T. Powell, Walters, for plaintiff in error.

Hubbell & Eubanks, Walters, for defendants in error.

GIBSON, J. Defendant board of education decided to sell certain school property which was no longer being used for school purposes, and published a notice of sale. In plaintiff's petition it is alleged that his was the highest and best bid submitted, but that defendants have refused to recognize his bid and issue a deed to him, and, unless restrained, the board will award said property to another bidder, to his irreparable loss. He prayed that the court issue a writ of mandamus requiring defendants to accept his bid and issue a deed to him and that they be temporarily restrained from issuing a deed to any other bidder. From an adverse judgment, plaintiff appeals.

Under this record the following facts appear:

On November 5, 1951, the board of education, having determined that the involved property was not being used for school purposes, adopted a motion to advertise for sale the Soldier Valley school building, with three acres of land, and to receive bids on December 3, 1951, the board reserving the right to reject all bids if not sufficient for the value of the property. Thereafter a notice was published, as follows:

"For Sale

"Board of Education of Walters School District No. 1, will receive sealed bids until 8 o'clock P.M. on Monday, December 3, 1951, at the office of the Clerk in the gymnasium building for the purchase of Soldier Valley School Building and Three Acres of Land, located three miles south and one-half west of Walters, in the SE SE SW 2-3s-13-W I.M.

"Building is brick and two rooms. District is now a part of Walters District 1:"

The events giving rise to this litigation occurred at the opening of the bids. Eight bids were received. The first bid opened was as follows:

"3 Dec. 1951

"I, Marvin M. Moore, will bid $913.26 on Soldier Valley building and three acres of land. I will bid $20.41 higher than the high bid up to the amount of $1568.95.

"Marvin M. Moore"

The minutes of the board meeting contain the following recital with reference to the Moore bid:

"The Board by unanimous decision instructed Mr. Moore that the clause pertaining to the $20.41 could not be accepted and asked Mr. Moore which of the stated figures he wished to interpret as his bid. Mr. Moore interpreted his bid as $1568.95. The Board by unanimous decision had the clerk record bid.

"No. 1. . . .Marvin Moore. . .$1,568.95."

The board of education then proceeded with the opening of other bids, including that of the plaintiff, in the sum of $1,515.15. All remaining bids were in smaller amounts.

Plaintiff was present at the board meeting, and after the bids were opened he suggested that the bidders retire while the board considered the same. Before leaving a board member inquired of plaintiff if he understood the manner and way in which the bid of Moore had been interpreted, and he answered in the affirmative.

By unanimous vote the board accepted the bid of Mr. Moore in the sum of $1,568.95.

Plaintiff says that the action of the board in permitting Moore to orally say that his bid was $1,568.95 and in finding that he was the highest and best bidder is illegal and void. No statute or decision is cited holding that either action by the board was illegal.

Plaintiff rests his case on opinions stating certain rules in the construction of contracts. Shaw, State Auditor, v. Grumbine, 137 Okla. 95, 278 P. 311, is cited, wherein this court said that to get at the thought and meaning of a statute or contract we should resort to the natural signification of the words in the order of their grammatical arrangement. Fairbanks, Morse & Co. v. Miller, 80 Okla. 265, 195 P. 1083, is cited in which the rule is stated that where two clauses of a contract are so repugnant that they cannot stand together the first will be given effect and the latter rejected. Hence, it is argued that the first figure in the Moore bid constituted his bid.

The cited cases have no application here. There was no contract to be construed in this case until one of the bids was accepted. The Moore bid was not even entered as a bid until, by mutual agreement of the parties, it was clarified and entered as a bid in a single amount.

There are other rules governing the interpretation of contracts that are more pertinent to this case than the authorities cited by plaintiff. When the Moore bid was opened the board regarded it as ambiguous or uncertain in its phraseology. It called upon Moore to interpret or clarify his bid that it might be known which figure he intended to bid. When this was done his bid, as clarified, was entered as the Moore bid. Plaintiff was present and stated that he understood the manner in which the Moore bid was being interpreted. He offered no objection.

"Where the meaning of the terms used in a written contract is not clear, but such terms have been construed and acted upon by the parties interested, such construction will be adopted, even though the language of the contract may be susceptible of another construction." Knebel v. Rennie, 87 Okla. 136, 209 P. 414.

"In construing a written contract, where from an examination of the entire instrument the intent of the parties thereto is obscure or uncertain, resort may be had to the situation of the parties, the circumstances surrounding the execution of the contract, and the negotiations preceding and leading up to the making of the agreement, in order to arrive at the true intent and meaning, sought to be expressed in the writing." Banks v. City of Ardmore, 188 Okla. 611, 112 P. 2d 372.

We held that since the submitted bid was indefinite in its terms the board of education could rightfully call for an interpretation of the bidder's intent in its submission and could act on the bid as interpreted.

There was no legal obligation on the board to accept any of the offered bids. The notice of sale was merely an announcement that the board would receive bids for the property at a stated time. There was no agreement that the board would accept the highest bid. There was no acceptance of plaintiff's bid giving him a right or interest in the property so as to constitute a legal basis for an action, in mandamus, to compel issuance of a deed to him, and the court properly denied his application for a writ.

Mandamus will not lie to compel the performance of a power, the exercise of

which lies in the discretion of the officer against whom the writ is sought, unless the action of the officer is capricious, arbitrary or unreasonable. Bankers Union Life Ins. Co. v. Read, Insurance Com'r, 182 Okla. 103, 77 P. 2d 26.

Plaintiff also sought an injunction restraining defendants from issuing a deed to Moore after acceptance of his bid, which constituted a sale to him. The board of education had the legal right and power to sell this property, which was no longer needed for school purposes. 70 O. S. 1951 §§4-22. The board was vested with discretion in the exercise of its power to sell.

"Where boards of education in independent school districts act within the limits of the power conferred upon them, their discretion cannot be interfered with by injunction, unless their action is so clearly unreasonable as to amount to an oppressive and manifest abuse of discretion; and this general rule applies, although the discretion may be widely exercised." Brooks v. Shannon, 184 Okla. 255, 86 P. 2d 792.

Also, see Board of Education, etc., v. Baldwin, 192 Okla. 531, 137 P. 2d 932.

"Where public officials are intrusted with discretionary power in certain matters, their exercise of such discretion will not be controlled by injunction in absence of any showing that their action is fraudulent or in bad faith." White v. Pottawatomie County, 199 Okla. 103, 184 P. 2d 446.

There was no fraud or bad faith in these transactions. Had the Moore bid been opened after plaintiff's bid, the board might have been charged with bad faith and favoritism in giving Moore an opportunity to interpret his bid as higher after learning the amount of plaintiff's bid. But, as stated above, Moore's bid was the first opened and it was clarified prior to the opening of any of the remaining bids, and he was bound by his bid as entered in the board's minutes.

The board accepted the Moore bid and the trial court correctly found that such action constituted a contract whereby defendants became bound to convey the property to Moore and since the price offered was found to be reasonable, the defendants should not be restrained from conveying the property to Moore. Brooks v. Shannon, supra.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, JOHNSON, and BINGAMAN, JJ., concur.