Shannon COX, d/b/a Pure Ice Company, and
John N. Dean, Plaintiffs in Error,

v.

Russell K. WILLIAMS, Defendant in Error.

No. 36300.

Supreme Court of Oklahoma.

Oct. 12, 1954.

Looney, Watts, Looney & Nichols, Oklahoma City, for plaintiffs in error.

Logan, Godlove & Cummins, Lawton, for defendant in error.

WILLIAMS, Justice.

On July 23, 1953, Russell K. Williams recovered judgment against defendants, Shannon Cox, doing business as Pure Ice Company, and John N. Dean, by default in an automobile collision damage action. Under the summons served defendants were required to answer on or before the 20th day of that month. No answer or other pleading was timely filed by defendants, hence the default judgment.

Upon July 25, defendants filed motion for new trial and upon July 31, motion to vacate the default judgment. The latter motion is predicated on unavoidable casualty and misfortune which prevented them from answering in time. The court heard such motions, received evidence, took them under advisement, ruled upon them and defendants appealed from rulings thereupon simultaneously.

It appears from motion to vacate, supporting affidavits and oral testimony that the defendants had a meritorious defense to plaintiff's cause of action and immediately after being served with summons employed the firm of Looney, Watts, Ross, Looney and Smith of Oklahoma City to defend the action; that one member of the firm who had charge of the case became ill and was ill for some time prior to answer date. On or prior to that date his attention was called to the fact that a pleading was due and that none had been filed. He then called a stenographer to his sick room and dictated a pleading to her with directions to transcribe and file it. The stenographer became suddenly and critically ill and was removed from the office and taken to a hospital before she had time to transcribe her notes and file such pleading and for this reason same was not filed in time. It appears that all the other members of

the firm were during that time absent from the city for several days, two of them doing two weeks military service and the others being engaged in business of the firm elsewhere.

Under the showing made we think the failure to plead in time is excusable.

■ The default judgment was entered within three days after the answer date. The motion for new trial was filed two days thereafter and that to vacate was filed eight days thereafter. Counsel in open court · stated that in the event the default judgment was vacated they would file an answer instanter, and try the case immediately, with or without a jury. In these circumstances plaintiff could in no manner have been prejudiced by the vacation of the judgment. We think the trial court abused its discretion in denying the motions.

■ We have many times held that it is the policy of the law to have every litigated case tried on its merits and default judgments are viewed with disfavor. First National Bank of Okmulgee v. Kerr, 165 Okl. 16, 24 P.2d 985; State ex rel. Higgs v. Muskogee Iron Works, Inc., 187 Okl. 419, 103 P.2d 101. In Gulf, C. & S. F. ·Ry. Co. v. Kellum, Okl., 261 P.2d 610, we held:

"Where, in a civil action, answer day is fixed on the 23rd day after suit filed, and default judgment is entered four days after answer day and nine days later motion to vacate was filed with tender of meritorious answer, the ruling thereon should be based upon judicial discretion in the interest of substantial justice, and when all of the circumstances demonstrate that the motion to vacate could well be granted without serious injustice, and that the denial of the motion to vacate results in serious injustice, and constitutes an abuse of judicial discretion, this court on proper and timely appeal will reverse."

What is there said applies here. Judgment reversed and cause remanded with directions to vacate and set aside the default judgment, to grant defendants a reasonable time in which to answer and proceed to an orderly disposition of the case.

JOHNSON, V. C. J., and. WELCH, DAVISON and ARNOLD, JJ., concur.

CORN and BLACKBIRD, JJ., dissent.