Maudie GIRKIN, Appellee,

v.

Peggy COOK, Appellant.

Maudie GIRKIN, Appellee,

v.

ALLSTATE INSURANCE COMPANY,
Garnishee, Appellant.

Nos. 45353, 45521.

Supreme Court of Oklahoma.

Oct. 9, 1973.

Rehearing Denied Jan. 22, 1974.

Sanders, McElroy & Carpenter, Tulsa, for appellee.

Covington, Gibbon & Poe, Tulsa, for appellant.

BARNES, Justice:

In this appeal from the trial court's ruling rejecting the appellant's efforts to have a default judgment against her vacated or set aside, the Court of Appeals affirmed said ruling. Being of the opinion that both of those courts erred, we have herein determined to grant certiorari.

Appellee and appellant will hereinafter be referred to as "plaintiff" and "defendant", respectively, as they appeared in the trial court.

Plaintiff's alleged cause of action against defendant arose out of an automobile collision near a street intersection in Tulsa. The brief substance of plaintiff's petition was that on a January morning, while she was driving her 1969 model Buick automobile south on an inside lane of said City's icy South Lewis Avenue, and indicating, by her auto's directional signal as she neared South Lewis' intersection with 34th Street, that she was going to turn left off of Lewis onto 34th Street, the defendant's negligence in driving her 1954 model Buick auto into the rear of plaintiff's auto caused damages to the latter in the sum of $210.97 and personal injuries to plaintiff. In the petition, plaintiff prayed for a total of $26,456.47 in damages for the injuries to herself and the auto.

Long after defendant's answer date, in February, 1971, plaintiff's Tulsa attorney, S., appeared with his client before one of Tulsa County's District Judges on the afternoon of June 3, 1971, and obtained a default judgment against defendant in the total sum of $26,000.00. Previously, Tulsa attorney, G., had been employed to represent defendant in the action, but, because the case was not properly entered on his law firm's office registry, it did not come to his attention until the morning of June 3, 1971, that defendant's answer date had passed. The next day, June 4th, attorney G. filed an answer for defendant, with permission to file it "out of time" endorsed on it by a Tulsa County District Judge other than the one who had, the day before, granted plaintiff the default judgment.

In said answer, the allegations of defendant's negligence set forth in plaintiff's petition were denied, and it was alleged that the auto collision was proximately caused, or contributed to, by the negligence of plaintiff in certain particulars.

Attorney G.'s "certificate" on the answer he filed for defendant recited that a true and correct copy of said pleading had been mailed to attorney S.'s law firm. Undaunted by receipt of a copy of this answer, attorney S. thereafter on June 9th filed a Journal Entry of the default judgment [he had previously obtained for plaintiff on June 3rd]. Upon being apprised by a telephone call from Mr. G.'s office, on June 11th, of defendant's desire to take plaintiff's deposition on a date in the latter part of June, attorney S. agreed that the deposition be taken, but stated that he could not participate before July 12th. After the latter date was agreed upon for the taking of the deposition, attorney S. mailed attorney G.'s office a copy of a letter dated June 12th he supposedly wrote plaintiff advising her of said arrangement.

Thereafter, in early July, attorney G.'s office received a telephone call from one of attorney S.'s law office associates advising him that the taking of depositions in the case would be unnecessary since a default judgment had already been entered therein.

After attorney G. found that such a judgment had, in fact, been entered, he filed for defendant on July 9, 1971, a mo-

tion to set aside said default judgment. Later, on July 27, 1971, before any hearing had been held on said motion, attorney G. also filed a petition to set aside the judgment.

Thereafter, on November 5, 1971, at a hearing on both the motion and the petition to set aside the default judgment, the court, in a single order, overruled the motion and sustained a demurrer that plaintiff had interposed to the petition.

Thereafter, defendant lodged her present appeal from said order by filing her petition in error in this Court within the thirty days prescribed by our Rule 1.15.

In garnishment proceedings plaintiff instituted on July 9, 1971, against defendant's insurer, Allstate ʻInsurance Company, the trial court entered an order on December 17, 1971, overruling a motion by Allstate to abate said garnishment proceedings. On the same day, the trial court also sustained a motion by plaintiff for summary judgment against Allstate, after finding that plaintiff's aforementioned default judgment had become final, in the absence of a motion for a new trial, and that said finality was unaffected by defendant's aforementioned lodging of this appeal from the court's order of November 5, 1971. The principal amount of the judgment then summarily entered against said insurance company as garnishee was $10,210.97, which said sum Allstate's answers to plaintiff's interrogatories had admitted was within the limits of the insurance policy it had issued to defendant. Said judgment also granted plaintiff recovery against Allstate of interest at 10% per annum on the entire amount of the default judgment's principal of $26,000.00 from June 3, 1971 [the date of its entry], "to date of payment." The garnishee insurance company has herein appealed from said order and/or judgment.

In her portion of this appeal, defendant attacks the trial court's order overruling both her motion and her petition to set aside the default judgment plaintiff obtained against her on June 3, 1971. De-

fendant contends that said ruling constitutes an abuse of discretion, while plaintiff denies this and supports the trial court's evident view that any other ruling would have been unauthorized under our statutes.

■ As to the motion to set aside the default judgment, it is plaintiff's position that since it was not filed until after the thirty-day period immediately following its rendition on June 3, 1971, the court was without jurisdiction to entertain it under Title 12 O.S.1971 and 1969 Supp. § 1031.1. Both here, and in the trial court, plaintiff has taken the position that if, on the basis of the facts [a part of which were undisputed by representations made to the court by the parties' respective attorneys and a part of which were shown by affidavits filed on behalf of plaintiff and considered by the court as evidence, without objection], there were statutory grounds for vacating the default judgment, the court's jurisdiction to do this could only have been invoked after the thirty-day period prescribed by Section 1031.1, supra, on one of the grounds, and in the manner, prescribed by Title 12 O.S.1971 and 1961, § 1033. This latter section prescribes that proceedings to vacate or modify judgments or orders on the grounds of the "fraud" described in the fourth subdivision of Title 12 O.S.1971 and 1961, § 1031, or of the "unavoidable casualty or misfortune" described in subdivision seven of said section [and upon other grounds not material here],

"* * * shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

The motion defendant filed in the present case to set aside the default judgment was verified by her attorney, just as was the petition she subsequently filed to set aside said judgment; and no claim is made that either of said verifications was any differ-

ent from those contemplated by the above quoted statute. We think both contain all of the necessary essentials to comply with said statute and that therefore the trial court might have considered defendant's motion, as a petition, to set aside the default judgment. In the recent case of Joe Walsh Advertising, Inc. v. Phillips Tire & Sup. Co., Okl., 498 P.2d 1391, 1393, we quoted an excerpt from the early case of Hale v. McIntosh, 116 Okl. 40, 243 P. 157, 159, showing that courts may consider a motion to vacate or set aside a judgment on the grounds referred to in Section 1033, supra, as the petition contemplated in said section, when it possesses the characteristics described therein. There, we also held that where the adversary of such a pleader for such relief appears before the court in opposition to such a pleading, contending that it does not allege facts sufficient to entitle him to have the judgment vacated on such grounds, and introducing evidence in support of such contention [as plaintiff did here], he gives the court jurisdiction to vacate the judgment, without summons having been filed and served upon him. If the trial court in this case had considered defendant's motion as a petition to set aside the default judgment, as he might have done [on the basis of the cited cases], he could not have properly ruled that he was without jurisdiction to entertain it, because it had been filed a few days after the thirty-day period prescribed by Section 1031.1, supra. [The limitation period on the aforementioned grounds is two years. See 12 O.S.1971 and 1961, § 1038.]

The next question presented is whether or not the undisputed facts in this case show just cause for setting aside the default judgment as prayed for under either of the two above cited subsections of Section 1031, supra, which are:

"\* \* \*

"Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order.

"\* \* \*

"Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

Disregarding attorney G.'s allegation that he notified some secretary in attorney S.'s office by telephone on June 3, 1971, that his firm represented the defendant and would file an answer for her in the case the next day [which allegation was denied by affidavits filed on behalf of plaintiff], attorney G. contends that attorney S.'s conduct in agreeing to G.'s proposal to take plaintiff's deposition in the case after S. knew [from his receipt of a copy of it in the mail] that G. had filed an "out of time" answer for defendant and had reason to believe that defendant was preparing for a subsequent adversary trial of the case, constituted "fraud practiced by the successful party . . ." under the fourth subdivision above quoted, in that it lulled defendant into a sense of security in the belief that she would have her day in court and caused her not to discover that a default judgment had been previously entered in the case until too late to file a motion to set it aside under Section 1031.1, supra. Plaintiff counters by saying that the fourth subdivision of Section 1031, supra, does not apply to such a factual situation because any such claimed fraud did not occur *until after* the default judgment was rendered, and obviously was not fraud "in obtaining the judgment. . . ."

 There would appear to be little difference, from a practical standpoint, between obtaining a judgment by fraud and retaining it by the same device. While defendant's attorney may be regarded as having been negligent in the first instance in losing sight of his client's answer day, and we are aware of the rule that an attorney's negligence may often be imputed to his client, had plaintiff's attorney, when he presented the journal entry of the default judgment for signature on June 9th by the Judge who had granted it, apprised the court that defendant had previously filed her answer on June 4th, as it was his duty to do as an officer of the court, we seri-

ously doubt that the journal entry would have been routinely signed by the Judge as depicting an ordinary default judgment, without notifying defense counsel. Such notification would have alerted defense counsel as to the commencement of the period for vacating the judgment, and he could not have then been misled to his client's prejudice, as he was under the circumstances of the present case. Phillips v. Ball, Okl., 358 P.2d 193, demonstrates that where one has a duty to speak, but remains silent, he may be guilty of constructive fraud. Here, even though the fraud did not occur until after the default judgment was pronounced, defendant, by reason of it, was misled into not seeking her statutory remedy for its vacation until after expiration of the thirty days prescribed by Section 1031.1, supra. In view of our conclusions herein, we need not discuss "unavoidable casualty or misfortune" as the appropriate ground for vacating the subject default judgment. And previous expressions of this Court as to whether such a ground may grow out of negligence by the complaining party's counsel do not apply to this case.

▮ This Court has long looked upon default judgments with disfavor. See Cox and Dean v. Williams, Okl., 275 P.2d 248, 249, and cases there cited. In Bearman v. Bracken, 112 Okl. 237, 240 P. 713, this Court reversed the trial court's judgment on application of the defendant after the term of court at which the default judgment was entered. There, it was held:

"An application to set aside a default judgment, filed after the term at which it was rendered, is addressed to the sound legal discretion of the trial court. Such discretion *should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused.*" [Emphasis added.]

And in Wade v. Padberg, Okl., 283 P.2d 201, we held:

"What constitutes abuse of discretion on the part of the trial court in refusing to set aside a default judgment is dependent upon the facts and circumstances surrounding each individual case. * * *"

In the present case, defendant's attorney G. does not deny that negligence in his office caused defendant to become in default, nor does he disclaim his responsibility for the consequences thereof. He does say, however, that his client, who is not shown to have been at fault in the premises, should not suffer a default judgment to stand against her under the circumstances, and, in her pleading, defendant, in effect, waives her right to trial by jury and agrees that the case may be tried by the court without unnecessary delay. As said in Cox and Dean v. Williams, supra: "In these circumstances, plaintiff could in no manner have been prejudiced by vacation of the judgment." It is our opinion that, under the circumstances of the present case, the trial court abused his discretion in refusing to vacate plaintiff's default judgment against defendant on the ground of fraud practiced by the successful party in concealing from opposing counsel, until after the expiration of the thirty-day period prescribed by Section 1031.1, supra, the fact that said judgment had been obtained and in failing to disclose to the court that an answer had been filed when the journal entry of said judgment was presented for signature. Certiorari is therefore granted and said court's order overruling defendant's motion and petition to set aside the default judgment, and the decision of the Court of Appeals affirming said order, are therefore reversed.

In view of this decision, the trial court's subsequent judgment in the garnishment proceedings cannot stand, and certiorari is also granted as to it. The motion of Allstate, the garnishee, to abate the proceedings should have been sustained. The trial court's order overruling it and granting plaintiff judgment for $10,210.97, and the interest therein prescribed, against the garnishee, and the Court of Appeals' decision

affirming it in part and reversing it in part, are reversed, and, upon remand, the trial court is directed to vacate both this judgment and the $26,000.00 default judgment against defendant.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, HODGES, LAVENDER, and SIMMS, JJ., concur.