SCHOOL DISTRICTS — GIFT OF LAND TO CITY A school board may not convey, as a gift, land owned by the school district to a city commission. In selling land of the school district, the board of education may use its discretion in selecting the manner of the sale, and use any reasonable method which it believes will bring the highest price, as long as the price received constitutes an adequate consideration. The Attorney General has considered your request for an opinion wherein you ask the following question: "Can a school board give to a city commission land owned by a school district, or would the land have to be sold with sealed bids, or at public auction?" In regard to this question, your request states: "The city commission in question plans to accept the school land for the purpose of installing tennis courts on this property, using Bureau of Outdoor Recreation federal funds with matching funds from the city's general budget, then lease said land back to the school to be operated and controlled by said school board. This puts the land upon which the city spends city funds out of the use of the public, as it will be operated by the school on a 99-year lease basis." The powers and duties of the boards of education of school districts are set out at 70 O.S. 5-117 [70-5-117] (1975), which states, in part, as follows: "The board of education of each school district shall have power . . . to dispose of property no longer needed by the district by sale, exchange, lease or otherwise. . . ." An Attorney General's Opinion to the State Superintendent of Public Institution, dated October 8, 1949, considered the manner of sale of a school building of an annexed school district by the annexing district. In response to the question: "Can such school building of the annexed district be 'legally sold to the original community for a sum of $1.00'?" the Opinion states: "Section 22, Article 4, Oklahoma School Code, provides generally that the board of education of each school district shall have power to 'dispose of property no longer needed by the district by sale, exchange, lease or otherwise'. There appear to be no other conditions or restrictions as to the sale of school district property, whether acquired by annexation of another district or otherwise. "It is believed that the term 'no longer needed by the district' means when there is no longer any need of the property for school purposes. Also, it is believed that the provisions authorizing disposition of such property contemplates disposition thereof for a substantial consideration, and not by gift or for only a nominal consideration, whether to a community club or an individual. " . . It is the opinion of the Attorney General that a school building that belonged to a district annexed to another school district under the provisions of House Bill No. 120, supra (Oklahoma School Code), must, if and when sold, be sold for a substantial consideration, and cannot properly be given away or be legally sold for only One Dollar ($1.00) or other nominal consideration, either to the 'original community' or to an individual." (Emphasis their's) The statutory provisions in the said Attorney General's Opinion remains substantially unchanged in the 1971 Oklahoma School Code, as amended, and, accordingly, the Opinion and the reasoning are still considered to be correct. Syllabus 1 by the Court in Merritt Independent School District No. 2 of Beckham County v. Jones,207 Okl. 376, 249 P.2d 1007 (1952), states: "Land owned by a school district is held as the public trust and may only be disposed of in the manner provided by statute." Title 70 O.S. 5-117 [70-5-117] (1975), restricts the disposal of property of a school district to that property "no longer needed by the district" for school purposes. The phrase "sale" exchange, lease or otherwise" carries the implication that any disposal of school property must be for a reasonable consideration. Construing the statutory power of the voters at a regular election to "direct the sale, lease, or other disposition" of school property, the Supreme Court of Iowa stated at page 260 in Independent School District of Ionia v. DeWilde, 53 N.W.2d 256 (Iowa 1952), as follows: "The implication seems to be clear that if the electors make some disposition of school property it is to be paid for — no gift is contemplated." Further, Prescott Community Hospital Commission v. Prescott School District No. 1 of Yacapai County, 115 P.2d 160 (Ariz. 1941), cited, at page 161, the Oklahoma case of Atlas Life Insurance Co. v. Board of Education, 83 Okl. 12, 200 P. 171 (1921), as one of several authorities for the principle: "That any disposition of school property must be for the benefit of the district and not a gift to other parties." Any disposition of school district property without adequate consideration could be enjoined by a resident taxpayer's action. See School Board of Consolidated District No. 36, Stephens County v. Edwards, 184 Okl. 384, 87 P.2d 962, 967
(1939), and Davenport v. Buffington, 97 F. 234, 237 (8th Cir. 1899). See also Harvey v. Board of Public Instruction, 101 Fla. 273, 133 So. 868 (1931), wherein the Board of Public Instruction sought to transfer school property to the United States of America to be used for the erection of a United States post office building without any consideration, except that the conveyance would enhance the value of the remaining school property held by the Board. In granting an injunction to restrain the proposed conveyance until a full, fair, and adequate consideration was received, the Supreme Court of Florida stated in its Syllabus as follows: "A taxpayer has the right to enjoin a proposed conveyance of school property about to be made by a board of public instruction without consideration." (Page 869) Based upon these premises, any disposition of school property must be for the benefit of the district and for a full and adequate consideration. School district property may not be made a gift to other parties. Thus, the first part of your question is answered in the negative. Land owned by a school district may not be conveyed as a gift to a city commission. That part of your question concerning the permissible manner of sale of land owned by a school district shall be treated as referring to lands other than those lands set apart to the State by Congress for educational purposes. There is no statutory provision governing the manner of sale of such real property of a school district. The required method of sale of school property was considered in an Attorney General's Opinion to the State Superintendent of Public Instruction, dated December 14, 1949, wherein, in answer to the question of whether a board of education has the right to negotiate the sale of a school building other than by public auction, it was stated: ". . . Section 22, Article 4, Oklahoma School Code (Chapter la, Title 70, Oklahoma Session Laws 1949), empowers the board of education of each school district to 'dispose of property no longer needed by the district by sale, exchange, lease or otherwise,' but there appear to be no provisions prescribing the manner of doing so. We are not familiar with any statute which provides that a sale of such property shall be 'by public auction. "Therefore, the Attorney General is of the opinion that . . . such building may be sold in any reasonable manner the board of education believes will bring the highest price for the building." Further, Syllabus 1 by the Court in Joachim v. Board of Education of Walters, 207 Okl. 248, 249 P.2d 129
(1952), states: "In Oklahoma the Board of Education of an independent school district has the power to sell property of the district which it finds to be no longer needed for school purposes, and it is vested with discretion in the sale thereof." (Page 130) The provisions of the 1971 Oklahoma School Code setting out the powers of the school boards of school districts do not distinguish between dependent and independent school districts. Accordingly, a board of education may use its discretion in selling property no longer needed by the district, and use any reasonable manner of sale which it believes will bring the highest price. Because of the statement in your request regarding the subject school district leasing the subject land from the city on a long-term lease basis, your attention is directed to the Attorney General's Opinion to the County Attorney of Kay County, Oklahoma, dated April 3, 1972. In response to the question regarding the authority of county commissioners to lease public ground to a school district or school board for a period of years beyond the current fiscal year, the Opinion states: "If the lease in question would attempt to bind the school district to pay annual rental during future fiscal years, we believe it would violate the provisions of Article X, Section 26, Oklahoma Constitution, and that such a lease would be void." The applicable part of Article X, Section26 of the Oklahoma Constitution, states as follows: "Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or subdivision of the State shall be allowed to become indebted in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof . . . ." Therefore, a school district may not enter into a proposed lease if the agreement creates liability for the succeeding fiscal year or years, unless authorized by a vote of the people within the limitations provided by the Constitution. See: Independent School District No. 1, McIntosh County v. Howard, Okl.,336 P.2d 1097 (1959). It is, therefore, the opinion of the Attorney General that your question be answered as follows: A school board may not convey, as a gift, land owned by the school district to a city commission. In selling land of the school district, the board of education may use its discretion in selecting the manner of the sale, and use any reasonable method which it believes will bring the highest price as long as the price received constitutes an adequate consideration. (HAROLD B. McMILLAN, JR.) (ksg)