David O. HARRIS and John G. Ghostbear, Appellees,

v.

Bill WABAUNSEE and Vivian Wabaunsee, a/k/a Vivian Hahn, Appellants.

No. 49597.

Supreme Court of Oklahoma.

March 20, 1979.

Rehearing Denied April 23, 1979.

Harris, Dyer & Ghostbear by Marion M. Dyer, Tulsa, for appellees.

Paul F. McTighe, Jr., and Eric E. Anderson, Tulsa, for appellants.

BARNES, Justice:

We are here concerned with an action in contract against the Appellants for services rendered by the Appellees in connection with representation furnished to Appellants by Appellees in a criminal case in Peoria, Illinois. The issues were joined in the form of a general denial and cross-petition alleging abandonment. A pretrial conference was had on October 17, 1975, and the Court set the case for jury trial on January 26, 1976. On the day of the jury trial, the Appellees' attorney appeared and answered ready; the Appellants did not appear, but the Appellants' attorney appeared and announced that he had been unable to contact his clients after mailing two notices to their residence and having previously, on November 20, 1975, filed a motion to withdraw, and asked the Court to permit him to withdraw since his clients were not present and had not answered his letters. The Trial Judge permitted him to withdraw. A jury trial was waived by the Appellees and testimony was presented by the Appellees in support of their petition, and the Court rendered judgment for the Appellees on said petition.

On February 27, 1976, the Appellants filed a motion to vacate this judgment. This motion was heard on March 18, 1976. At the conclusion of the hearing, the Court found that the Appellants had deliberately and intentionally made themselves unavailable for trial by absenting themselves from the State for six months and refusing to accept written correspondence from their attorney, for which reason the Court overruled the Appellants' motion.

From this ruling the Appellants appealed, setting forth three propositions of error, only one of which was discussed by the Court of Appeals in its decision.

This proposition related to Rule 24 of the District Court Rules of Tulsa County, which read:

"In any contested civil case, which has been regularly set for trial, any application for permission to withdraw as counsel in the case must be presented at the pre-trial hearing of said case, or at least ten days before the date on which the case is set for trial . . . .."

The Court of Appeals held that the Rule requires withdrawal at least ten days before trial, and that the failure of the Trial Judge to follow Rule 24 constituted an irregularity under 12 O.S.1971, § 1031(3), and reversed, citing *Girkin v. Cook,* Okl., 518 P.2d 45 (1973).

The Appellees filed their Petition for Certiorari, contending that the effect of the Court of Appeals' interpretation of Rule 24 has ignored all rights of any plaintiff to prosecute his claim.

We find that Rule 24 was designed and intended to prevent an attorney from waiting until trial time to withdraw and thus force a continuance for his client, because the client would need time to secure new counsel. The Court of Appeals' application of the Rule to the facts of this case could have the opposite effect. The clients who failed to communicate with their attorney and who, the Trial Court found, deliberately and intentionally made themselves unavailable for trial, would be entitled to a continuance because of their own malfeasance. This could not be the intent of the Rule. Here, the Appellants' attorney did everything he could prior to trial date to notify his clients, and finally, when he was going to have to try their case without them, asked to withdraw. If the Court had not granted his motion to withdraw, he still would not have been able to defend the case because of the unexcused absence of his clients, who were to be his witnesses. So, in effect, it mattered not to the result that he was permitted to withdraw.

The other contentions of the Appellants are subject to the same negative answer, because the Trial Court found that the Ap-

pellants intentionally made themselves unavailable for notice. They were not present at the time of trial because they chose not to be there. They cannot prevent the function of the Court by their own intentional failure to appear for trial.

THE OPINION OF THE COURT OF APPEALS IS VACATED AND THE JUDGMENT OF THE TRIAL COURT IS AFFIRMED.

All the Justices concur.

Rehearing Denied April 16, 1979.