The BOARD OF COUNTY COMMISSIONERS OF NOWATA COUNTY, Oklahoma, Composed of Orie T. Price, V. C. Couch and Marvin R. Price, Plaintiff in Error,

v.

Guy S. PRICE, Defendant in Error.

No. 39603.

Supreme Court of Oklahoma.

July 23, 1963.

Rehearing Denied Oct. 8, 1963.

**480**

L. C. Colter, County Atty. of Nowata County, Nowata, for plaintiff in error.

Chappell & Maddux, Nowata, for defendant in error.

JACKSON, Justice.

In September, 1960, in response to a peremptory writ of mandamus from the district court, the Excise Board of Nowata County appropriated the sum of $16,453.28 in the county budget for the office of the County Assessor, and included in this sum were amounts for the salaries of the County Assessor and three full time deputies. The salary of the third deputy was computed at 80% of the Assessor's salary. See 19 O.S. 1961 § 180.65. No appeal was taken from the action of the district court and it became final.

Thereafter the third deputy submitted, and the Assessor approved, salary claims on the 80% basis. However, the Board of County Commissioners allowed them in the amount of 70% only, and this action was begun by the County Assessor in the district court for a writ of mandamus to compel the Commissioners to approve claims on the 80% basis. After a hearing, the court issued the writ, and the Commissioners appeal.

In view of our conclusion herein, it will be necessary to give detailed consideration to the six propositions presented.

In summary, the evidence was that the present third deputy had informed the Assessor that he could no longer afford to work on the 70% basis, and that he would resign if it were not increased to 80%; that the Assessor had been unable to find competent help with which to replace him at the 70% figure; that the loss of the third deputy would reduce the efficiency of the office and would cause the loss of "lots of valuations". For the Commissioners, there was evidence in effect that Assessor's offices in two adjacent counties, both with larger areas, populations and assessed valuations, were being operated efficiently with only two full time deputies and a small appropriation for part time extra help; that a competent replacement for the present third deputy could be found, and at no increase in salary; that approximately 30,000 acres of land in Nowata County had been taken by the federal government for the Oolagah Dam Reservoir and was no longer taxable, that in the opinion of the Commissioners, a third full time deputy was unnecessary to the efficient operation of the office of the County Assessor of Nowata County. In rebuttal plaintiff introduced evidence to the effect that in many cases the federal government had taken easements only in connection with the Oolagah project, and in many other cases had taken only small portions of individually owned tracts, all of which would require re-assessments of individually owned tracts, thus necessitating more book-keeping entries on the Assessor's records, and increasing instead of decreasing, the work load.

We are urged by the Commissioners to apply the following well established rule from Bankers Union Life Insurance Co. v. Read, 182 Okl. 103, 77 P.2d 26:

> "Mandamus will not lie to compel the performance of a power, the exercise of which lies in the discretion of the officer against whom the writ is sought, unless the action of the officer is capricious, arbitrary or unreasonable."

See also 34 Am.Jur. Mandamus, Sec. 69; 55 C.J.S. Mandamus § 133. If the rule is to be applied in this case, two questions must be answered: (1) whether the Commissioners have any discretion with regard to

the salary of the third deputy of the county assessor; and (2) if so, whether their exercise of that discretion was arbitrary, capricious or unreasonable.

■ On the first question, 68 O.S.1961 § 15.19, provides in part as follows:

"Each County Assessor shall be allowed such regular or special deputies as may be necessary to perform the duties of such County Assessor. The number of deputies and the salary or compensation of each deputy shall be fixed by the Assessor, *with the approval of the Board of County Commissioners*. It shall be the mandatory duty of the Board of County Commissioners to allow the County Assessor sufficient deputies at salaries large enough to enable the Assessor to secure competent help so that he will be able to perform the duties required of him by law in an efficient manner. * * *" (Emphasis supplied.)

The Assessor argues that the term "mandatory" in the third sentence above quoted removes any element of discretion from the duty of the Commissioners in approving the salaries of deputies of the County Assessor. We do not agree. In the same sentence appear the terms "sufficient", "large enough", "competent" and "efficient". These are relative terms requiring the exercise of judgment and discretion by the proper authority. The proper authority, as indicated by the emphasized portion of the second sentence, is the Board of County Commissioners.

It is also suggested that our holding in the third paragraph of the syllabus in Board of County Commissioners of McIntosh County v. Kirby, 174 Okl. 20, 49 P.2d 746, is decisive on the question under consideration. In that case we held that the phrase "By and with the consent and approval of the board of county commissioners", as used in O.S. 1931, Sec. 7873, concerning the appointment of deputy court clerks, vested no discretion in the Commissioners in that regard. Under the facts presented in that case, the

holding was correct. O.S.1931, Sec. 7873 was the *general* law then in effect concerning deputies in the office of the court clerk. However, the subject of that litigation was the position of deputy court clerk in Checotah (not the county seat). Under a special act, the County Court of McIntosh County was required to sit at specified times in Checotah, and by the terms of O.S.1931, Sec. 4058, the county judge was required to appoint a deputy court clerk "who shall, at all reasonable hours, keep the office open at Checotah". Nothing was said in Sec. 4058 about the approval of the county commissioners; thus, the quoted phrase from the *general* law vested no discretion in the Commissioners with regard to the special office of deputy court clerk at Checotah which the legislature had created and made mandatory.

No special or local act is involved in the case now before us, and the general law plainly makes the salaries of deputy county assessors contingent upon approval of the Board of County Commissioners.

We therefore hold that the Board of County Commissioners does have discretion with regard to the salary of the third deputy of the County Assessor of Nowata County.

■■ On the second question, a precise statement of the issue before the district court is important. That issue was *not* whether, under all the existing facts and circumstances, the third deputy should be paid on the 80% basis. As this court said in State ex rel. Reirdon v. County Court of Marshall County, 183 Okl. 274, 81 P.2d 488, 491, "We come then to the decisive question in this case: *Has there been an arbitrary abuse of discretion* * * * ?*" (Emphasis supplied.)

This same rule was stated conversely as follows in the early case of Dunham v. Ardery, 43 Okl. 619, 143 P. 331, L.R.A. 1915B, 233, Ann.Cas.1916A, 1148:

"Where an inferior officer is vested with the exercise of discretion or judgment in the discharge of his duties, but in any case where his duties are clear,

*and there are not sufficient controverted facts to call for the exercise of discretion and judgment,* or where such officer acts arbitrarily or fraudulently, a writ of mandamus may be issued to require the performance of his duty. \* \* \*" (Emphasis supplied.)

Whether or not an officer or board has acted arbitrarily, or in abuse of a legal discretion, is to be determined by the facts in the particular case. Green-Boots Const. Co. v. State Highway Commission, 165 Okl. 288, 25 P.2d 783. In the instant case, then, the issue for determination by the district court was whether the Commissioners had acted arbitrarily or abused their discretion, and in such determination, a substantial consideration was whether there were "sufficient controverted facts to call for the exercise of discretion and judgment".

An examination of the record before us shows, among other things, that there were two substantial points upon which the facts were controverted. They were: whether a competent replacement for the third deputy could be found who would be willing to serve on the 70% salary basis; and whether the taking by the federal government of 30,000 acres of land in Nowata County for the Oolagah Dam Reservoir would serve to increase, or to decrease, the work load in the County Assessor's office. On these controverted facts, the Commissioners exercised their judgment and discretion and, by their actions, ruled against the contentions of the County Assessor.

The fact that the district court, or this court, might disagree with the judgment of the Commissioners in this matter is immaterial. Under 68 O.S.1961 § 15.19, they were vested with discretion in the matter of the salaries of deputies of the County Assessor of Nowata County, and after a consideration of disputed and controverted facts, they exercised their legal discretion, and decided that the salary increase should not be approved.

In this case, the district court made findings of fact and conclusions of law which are incorporated by reference in the journal entry of judgment. In such findings, he resolved the controverted issues previously mentioned in favor of the County Assessor. He made no finding as to whether the Commissioners had discretion with regard to the salary of the third deputy, and he made no finding as to whether if they had such discretion, they had abused it or acted arbitrarily. These things lend considerable weight to the argument of the Commissioners that what the district court actually did in this case was to substitute his own judgment for the legally exercised discretion of the Commissioners. This is not the proper office of the writ of mandamus. 34 Am.Jur. Mandamus, Sec. 68.

The judgment of the trial court is reversed.

BLACKBIRD, C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.