George NIXON, Tullie Parrish and Bill Clark, Composing the Board of County Commissioners, Caddo County, Oklahoma, Plaintiffs in Error,

v.

Theodore P. ROBERTS, Defendant in Error.

No. 41884.

Supreme Court of Oklahoma.

Nov. 1, 1966.

Wilson Smithen, Chickasha, for plaintiffs in error.

Haskell B. Pugh, Anadarko, for defendant in error.

DAVISON, Justice.

This is an appeal by George Nixon, et al, County Commissioners of Caddo County, Oklahoma (defendants below) from a judgment in favor of Theodore P. Roberts, County Attorney of said county (plaintiff below) granting a writ of mandamus requiring the defendants to approve and allow claims filed with them by the Assistant County Attorney (Virgil Upchurch) on the basis and to the extent of sixty percent (60%) of the County Attorney's salary, for services rendered by the Assistant County Attorney, beginning July 1, 1965. We will continue to refer to the parties by their trial court designation or by name.

Plaintiff's petition alleged, inter alia, the appointment of Upchurch to the position of assistant county attorney and that claims had been filed with defendants for services by such assistant for the months of July and August, 1965, based on said 60%, but defendants approved the claims for only about 42½% of the county attorney's salary. (This would reduce the assistant's salary from about $350 to $250 per month.) Plaintiff further alleged that the action of the defendants was unreasonable, capricious and arbitrary, and described the need for a part time assistant county attorney to perform the mandatory functions and duties of the office.

Defendants' answer, inter alia, alleged that, as county commissioners, they exercised the discretion given them by law in refusing to approve the requested 60% for an assistant contained in the estimate submitted by the county attorney for his office for the fiscal year 1965–1966, and in setting the salary of the assistant, Upchurch, at $250 per month. Defendants alleged that their discretion in the above respects was judicial or quasi-judicial and their action was not capricious, arbitrary or unreasonable.

The trial court made findings of fact and conclusions of law. Defendants contend the trial court erred in its conclusions of law and in the judgment in holding mandamus was a proper remedy and such writ should be issued.

The salaries of assistants to county officers are generally provided for in certain statutes. A determination of whether the evidence sustains the trial court's judgment requires that we consider the evidence in the light of the provisions of such statutes.

Title 19 O.S.1961, § 180.61, classifies county officers by groups for the purpose of fixing salaries, and places county attor-

neys in Group "A" with those charged with enforcing the laws relating to public peace and safety.

Title 19 O.S.1961, § 180.65, provides in pertinent part as follows:

"(a) The officers named in groups 'A' and 'B' shall have such number of regular or technical deputies, assistants, * * * whatever title the principal officer may ascribe to the duties or functions to be performed as authorized by law and clearly related to the proper accomplishment of lawful functions, *whether on whole or part-time basis, at such rates of salary or pay,* subject to the provisions of this section as hereinafter set forth, *as the principal officer may propose and establish the need of and the county commissioners will approve, for the adequate accomplishment of the functions of the office and the performance of the duties imposed thereon by law,* with due weight being given to *employment on whole or part-time basis;* provided, *that no such employments shall exceed the amount of lawful funds appropriated for such purpose."* (emphasis ours)

Subdivision (b) of Sec. 180.65, requires designation of a first or chief assistant who shall be chargeable with all the duties of the county attorney, and who shall carry on the duties of the office during the absence of the county attorney, or after his death, removal or resignation.

Subdivision (c) of Sec. 180.65, provides in part that the first or chief assistant shall receive not to exceed 90% of the salary of the chief officer (county attorney) and that:

" * * * and the aforesaid salaries within said limitation shall *be such amounts as the principal officer may propose and establish the need for and the county commissioners will approve."* (emphasis ours)

Subdivision (d) of said section is as follows:

"No other deputy, aid, assistant, or other person named in subsection (a) of this section may be paid at a salary rate in excess of eighty percent (80%) of the salary of the principal officer; and, subject to said limitation, *the salary or rate of pay of such subordinate shall be determined by the principal officer and the county commissioners based upon responsibility, risks, skills, training, and experience required for such position and afforded by the subordinate;* provided that the eighty percent (80%) limitation shall not apply to county officers employing only two (2) deputies or technical help on a part-time contract or wage basis within the amount of lawful appropriations for said purposes, by and with the consent and approval of the county commissioners." (emphasis ours)

A special statute, 19 O.S.1961, § 207, provides that in counties having not to exceed 200,000 population (which includes Caddo County):

" * * * any assistant county attorney drawing a salary of not more than sixty percent (60%) of the salary of the county attorney may engage in the private practice of law whenever such practice *does not interfere with his official duties."* (emphasis ours)

Under this statute the plaintiff had appointed Virgil Upchurch assistant county attorney with the privilege of engaging in the private practice of law.

The Findings of Fact made by the trial court were lengthy and included a résumé of the evidence and a statement of the ultimate facts drawn by the court. From our examination of the record we conclude that such findings constituted a fair statement of facts.

The record reflects that on April 16, 1965, Virgil Upchurch resigned from his position of County Attorney of Caddo County, after having served in that capacity for some 4 years and 3½ months. At that time the plaintiff was his assistant and was being paid on the basis of 60% (about $350 per month) of the salary of Upchurch. Defendants then appointed plaintiff to the position of County Attorney

and plaintiff appointed Upchurch as his part time assistant, although at least one of the defendants had advised plaintiff to hold up the appointment as there was some opposition to Upchurch. Defendants immediately reduced the salary of Assistant County Attorney from $350 to $200 per month, but after securing some legal advice, not necessary to relate, restored the salary to $350 per month, or 60% of the County Attorney's salary. This amount was paid to the end of the fiscal year, or June 30, 1965. It appears that during Upchurch's tenure as County Attorney some personal ill will toward Upchurch had developed on the part of one or more of the defendants, although Upchurch was an able prosecutor and attorney.

On June 30, 1965, plaintiff filed with the defendants an estimate of needs for the County Attorney's office for the fiscal year 1965–1966, which included a salary for an Assistant County Attorney at 60% of the County Attorney's salary or $350 per month. On July 26, 1965, plaintiff met with defendants and was told that the salary of his assistant would be $250 per month, instead of the requested $350. Plaintiff told defendants that the office of county attorney could not be adequately run without an assistant; that the caseload of the office had substantially increased (quoting figures); that from the early 1950s the assistants had been paid the 60% except for a short time when the statutes fixed the maximum at 50% if the assistant privately practiced law, and that a qualified assistant could not be hired for less than said 60%, and that two nearby counties with similar populations and assessed valuations paid the assistant 60%. The defendants advised plaintiff that when and if Upchurch resigned as assistant and plaintiff needed to get a new assistant, they would again discuss the salary.

Upchurch testified he would not serve as assistant for $250 per month. It was shown at the trial that the assessed valuation for tax purposes in Caddo County had substantially increased.

All of the above evidence was produced at the trial and was not controverted and the court made such a finding.

The cumulative testimony of the defendants was that the prior assistant who received 60%, had no outside law office and spent most of his time in the county attorney's office, and that Upchurch had an outside office and practiced law on the side and could not spend as much time as he should in the county attorney's office. However, defendants admitted that they had not investigated to determine how much time Upchurch had spent in his position since his appointment as assistant and that they had no knowledge in this regard or as to how the office was operated. They admitted they did not reduce the salary of any other assistant or deputy in any other county office in the 1965–1966 budget. Defendants testified that some taxpayers opposed paying Upchurch 60% and had criticized him for his policy while county attorney, in regard to "hot" checks.

On July 29, 1965, the defendants caused the estimated needs, submitted by county department heads, to be published. The publication included the 60% salary for an assistant county attorney. Defendants filed the estimate with the Excise Board and it included the 60% salary for an assistant county attorney. On August 2, 1965, the defendants made a minute reducing the salary of the assistant to $250 per month. Plaintiff knew of this action by the defendants. Later in August, 1965, the Excise Board approved the budget submitted by defendants, including 60% for an assistant county attorney, and made the appropriation to pay such salary. Plaintiff then filed the present action September 3, 1965.

The trial court concluded its Findings with the following paragraph:

"The Court further finds that the primary reason for the substantial cut in the salary of the Assistant County Attorney's salary by the Board of County Commissioners was because of personal ill feeling by one or more members of

the Board for Upchurch, their objection and the objection of some influential taxpayers to his occupying the office of Assistant County Attorney, and that said cut was made for the purpose of discouraging his continuing in that office, and was not based on any consideration of the needs of said office or the amount of lawful funds appropriated therefor, or of any evidence relating to the time Upchurch was spending or would spend on County business, and by reason thereof said decision was arbitrary."

The court concluded as a matter of law that defendant's discretion in this situation was a legal discretion, to be exercised in conformity with the applicable law, and was not an unlimited or personal discretion, and did not extend to control of who shall, or shall not, be Assistant County Attorney; that the legal discretion must give consideration to the factors set forth in 19 O.S.1961, § 180.65, supra, regarding need for adequate accomplishment of the functions of the office of County Attorney and performance of the duties imposed thereon, whether employment is whole or part time, and the amount of funds appropriated for such purpose; that under statute (19 O.S.1961, § 207, supra) an Assistant County Attorney who is paid not more than said 60% may engage in private practice of law when it does not interfere with his official duties; and concludes as follows:

"Mandamus is a proper remedy where a county board in the exercise of a legal discretion in carrying out a quasi-judicial function acts arbitrarily and disregards all material facts and there being no controverted material facts."

In support of their contention that the court erred in issuing the writ, defendants cite 12 O.S.1961, § 1451, regarding mandamus being proper to compel the performance of an act which the law specially enjoins as a duty, and decisions holding mandamus cannot be used to control judicial discretion, such as State ex rel. Whit-son v. Board of Com'rs of Ellis County, 65 Okl. 273, 166 P. 423.

In this connection we see that 19 O.S.1961, § 180.65, supra, provides that within the specified limits the salaries of assistants are such amounts as the principal officer "may propose and establish the need of and the county commissioners will approve" and "determined by the principal officer and the county commissioners" for the adequate accomplishment of the functions of the office and performance of duties, and based upon the responsibility, risks, skills, training and experience required. We interpret these expressions as requiring the exercise of discretion on the part of the county commissioners in passing upon the proposal of the county attorney and the "need" for the proposed rate. This is not an absolute discretion and is not discretion that can be exercised arbitrarily or capriciously.

In Board of Trustees of Firemen's Relief & Pension Fund v. Cotton, 208 Okl. 421, 256 P.2d 802, we held as follows:

"While, ordinarily, mandamus will not lie to control or compel performance of a duty requiring exercise of discretion, writ may be issued to correct abuse of discretion or to compel action where action taken or the refusal to act is erroneous and arbitrary."

See also Allen v. Board of Com'rs of Logan County, 131 Okl. 41, 267 P. 860, and Joachim v. Board of Education of Walters, 207 Okl. 248, 249 P.2d 129.

And in Board of Education of Town of Owasso v. Short, 89 Okl. 2, 213 P. 857, we stated, relative to a public official, as follows:

" * * * In a case where there are no disclosures or controverted facts to call for the exercise of discretion and judgment, or in a case where he must exercise judgment and discretion, but he acts arbitrarily, or fraudulently, the writ may be issued to require a proper performance of his duties."

This brings us to our decision in Board of County Com'rs of Nowata County v. Price, Okl., 385 P.2d 479. Both plaintiff and defendants rely upon this decision to support their respective claims, and it appears that the trial court herein was influenced and probably relied on the legal propositions therein stated in rendering the judgment now on appeal. In that case, as here, the Excise Board had approved and appropriated the funds to pay the deputy assistant, and later the County Commissioners had reduced and approved salary claims for less than the amount claimed and provided in the approved appropriation. There, as here, it was determined that under the provisions of the statute the County Commissioners had discretion in approving salaries of deputy assistants, and it was urged that the County Commissioners had acted arbitrarily and abused their discretion. The decision relies on a statement from Dunham v. Ardery, 43 Okl. 619, 143 P. 331, L.R.A.1915B, 233, Ann.Cas. 1916A, 1148, relative to proper issuance of a mandamus writ to an officer vested with discretion, stating that where "there are *not sufficient controverted facts* to call for the exercise of discretion and judgment, *or* where such officer acts arbitrarily or fraudulently, a writ of mandamus may be issued to require the performance of his duty." (emphasis ours) This is very similar to our quote above from the Short case. In the cited case we found there *were* controverted facts as to whether a competent replacement could be found to work at the reduced rate and whether the work load was reduced by the circumstances described therein, and found no mandamus writ should have issued.

■ To the contrary, in the present case there are "no disclosures or controverted facts to call for the exercise of discretion and judgment." This being so, the action of the defendants was arbitrary. It was not controverted, that the 60% salary basis was within the approved appropriation and was not different from past salary allowances for such assistant, or excessive in the light of similar allowances made in nearby counties; that the case load in the county attorney's office had materially increased; that the county attorney's office needed or was entitled to an assistant; that Upchurch was a qualified assistant and would not continue as assistant at the reduced salary, and no qualified replacement could be secured; and that the reasons given by defendants for their action were personal and did not pertain to their legal discretion and did not materially controvert plaintiff's showing of the above circumstances. Furthermore the trial court specifically found all of the above to be true.

The cited case of Board of County Com'rs of Nowata v. Price, supra, further holds that whether the board has acted arbitrarily, or in abuse of a legal discretion, is to be determined by the facts in the particular case. The facts and law involved in defendants' first proposition in the present case supports the findings and judgment of the trial court and we so hold.

Defendants further contend that the lower court had no jurisdiction of the present action for the reason that plaintiff's remedy was by appeal to the District Court from the action of the defendants on August 2, 1965, "wherein said Board established and approved the needs of the office of County Attorney of Caddo County as to the amount of salary of the Assistant County Attorney; the same being approved as a budget item at $250 per month for the fiscal year 1955–56."

Defendants have reference to the provisions for appeal by aggrieved persons from decisions of the County Commissioners within 20 days thereafter, contained in 19 O.S.1961, §§ 431, 432.

■ There are several material defects in defendants' contention. On August 2, 1965, the estimates of all departments of the county had previously been submitted to defendant commissioners and published by them as required by 68 O.S.Supp.1965, § 2483. This estimate, as published and

then sent to the Excise Board as the budget of the county, provided for the 60% salary for an assistant county attorney. On August 2, 1965, the several estimates constituting the county budget had not been approved by the Excise Board, and were not approved until late in August. The situation was that defendants had approved and submitted a budget providing for the 60% salary but no appropriation had been made to pay any salary. The statute, 19 O.S.1961, § 180.65(a) provides employments shall not exceed the amount of lawful funds *appropriated* for such purpose. The question of available funds to pay any salary had to wait on the action of the Excise Board with the uncertainty of approval or reduction by that Board. In view of these circumstances it would not be reasonable to require plaintiff to appeal from their interim action of August 2, 1965.

■ Furthermore the contention has no merit under the present circumstances. In Board of Trustees of Firemen's Relief & Pension Fund v. Cotton, supra, the same contention was presented, and we expressly stated that the mandamus writ may be issued to correct abuse of discretion or to compel action where the action taken or the refusal to act is erroneous and arbitrary. Consideration of the granting of this relief is subject to the trial court's legal and equitable discretion. (See discussion and citation of cases at 256 P.2d 802, 805.)

Defendants further contend that the Excise Board had no authority to revise or increase the estimate of needs of the County Attorney above that certified to the Excise Board by the County Commissioners.

This contention is based on an erroneous interpretation of the evidence. The record reflects and we have stated herein that the County Attorney's estimate of needs was submitted to the defendants with the 60% assistant salary provision therein; that the defendants published and submitted the same to the Excise Board with such provision therein; and the Excise Board approved the same as submitted to it. The

Excise Board made no revision or increase in the estimate.

■ Defendants are presenting a claim of error that has no foundation in the record and there is no occasion to determine the correctness of the legal proposition advanced in support of such claim.

For the reasons stated and under the authorities cited herein the judgment of the lower court is affirmed.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN and BERRY, JJ., concur.