Dear Senator Rabon,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does the Oklahoma Community Sentencing Act, 22 O.S. 2001 Supp. 2003, §§ 988.1-990a-1.1, authorize the Department of Corrections to establish and subsequently modify the funding formulas for disbursing State funds to local community sentencing systems?
 2. If the Department of Corrections has the authority to set funding formulas, must the formulas be uniform for all the Community Sentencing Planning Councils?
 3. If the Department of Corrections has the authority to set funding formulas, must the Department follow the Administrative Procedures Act in establishing such formulas?
 I. Oklahoma Community Sentencing Act
¶ 1 Your questions require an interpretation of the Oklahoma Community Sentencing Act ("Act"), 22 O.S. 2001 Supp. 2003, §§ 988.1-990a-1.1, which establishes a statewide community sentencing system. 22 O.S. Supp. 2003, § 988.3[22-988.3](2). "Community sentence" is a "punishment imposed by the court as a condition of a deferred[1] or suspended sentence[2] for an eligible offender[.]" 22 O.S. 2001, § 988.2[22-988.2](A)(2) (footnotes added); see id. § 990a-1.1. "Eligible offender" is defined as "a felony offender who has been convicted of or who has entered a plea other than not guilty to a felony offense and who upon completion of a Level of Services Inventory or another assessment instrument[3] has been found to be in the moderate range[4] and who is not otherwise prohibited by law[.]"Id. § 988.2(A)(8) (footnotes added). The definition excludes persons convicted of or pleading other than not guilty to crimes that are listed as exceptions to the definition of "nonviolent offense" in 57 O.S. 2001, § 571[57-571](2) and to felonies enumerated in 21 O.S. Supp. 2003, § 13.1[21-13.1], unless the district attorney or assistant district attorney consents thereto. 22 O.S. 2001, §988.2[22-988.2](A)(8).
¶ 2 The statewide system is "a network of all counties through their respective local community sentencing systems serving the state judicial system and offering support services to each other through reciprocal and interlocal agreements and interagency cooperation." Id. § 988.2(A)(9) (emphasis added). "Local community sentencing system" means "a partnership between the state and one or more county governments which uses public and private entities to deliver services to the sentencing court for punishment of eligible felony offenders under the authority of a community sentence[.]" Id. § 988.2(A)(1). Each local system has a planning council which plans the local system and with the assistance of the Department of Corrections locates treatment providers and resources to support the local system. Id. § 988.2(A)(4). The membership of each council consists of the Chief Judge of the Judicial District and other designated officials, as well as citizens elected by the designated members. Id. §§ 988.2(A)(4), 988.5.
 II. Authority To Establish And Modify Funding Formulas
¶ 3 You ask whether the Department of Corrections has the authority to establish and subsequently modify the funding formulas for disbursing State funds to local community sentencing systems. The Community Sentencing Division ("Division") within the Department of Corrections was created to implement and administer the Act. Id. § 988.14(A). The "Division" is the "state administration agency for the Oklahoma Community Sentencing Act, the statewide community sentencing system, and all local community sentencing systems[.]" Id. § 988.2(A)(7). The Division has extensive authority relating to the administration of the system, including the allocation of State funds to the local systems. See id. §§ 988.14, 988.15; 22 O.S.Supp. 2003, § 988.16[22-988.16]. The Division pays all expenditures directly on behalf of each local system from a designated account in the Community Sentencing Revolving Fund, which includes the share of legislative appropriations allocated by the Division to each local system. Id. § 988.16(E); OAC 170:25-9-2 (1999).
¶ 4 "The fundamental rule of statutory construction is to ascertain and give effect to the legislative intent, and that intent is first sought in the language of a statute." In re Cityof Durant v. Cicio, 50 P.3d 218, 221 (Okla. 2002). The Act contains several interrelated provisions regarding the Division's duty to allocate State funds to local systems. 22 O.S. 2001, §988.15[22-988.15](6)-(9). The Act requires each local community sentencing system seeking State funds to submit a detailed plan each fiscal year to the Division "for state review and appropriate funding."22 O.S. Supp. 2003, § 988.7[22-988.7](A). The Act does not specify the adoption of funding formulas, but rather includes the following direction to the Division with respect to disbursing State funds to local systems:
 6. [T]o allocate and disburse appropriated funds to local community sentencing systems through an appropriate funding method;
 7. Review, analyze and fund local system plans within budgetary limitations[.]
22 O.S. 2001, § 988.15[22-988.15] (emphasis added).
¶ 5 In addition to its duty to allocate and disburse appropriated funds to the local systems, the Act requires the Division to promulgate rules for the local systems, as follows:
A. Each fiscal year the Division, in collaboration with the local planning councils, shall provide goals and funding priorities for community punishments as provided by law. . . .The Division shall promulgate rules for local communitysentencing systems based upon objective criteria for allocationof state-appropriated funds to local systems for day-to-day operation during a fiscal year which may include identification of:
 1. Fiscally responsible allocations of services and funds;
 2. Innovative or effective programs of the local system; and
3. Appropriate targeting of offenders for services.
 The Division and each of the local community sentencing systems are required to operate within the appropriated funds. The state shall require each local community sentencing system to identify resources other than state funds as part of the funding formula.
22 O.S. Supp. 2003, § 988.16[22-988.16] (emphasis added).
¶ 6 In addition, the Division reviews the local plans for budgetary purposes, as follows:
 C. When state funding is required to implement a local community sentencing system plan, the Community Sentencing Division shall approve the plan only to the extent that the jurisdiction's share of the total state appropriations will support the implementation of the local system plan. Modification to a local plan shall be for budgetary purposes, as provided in Section 988.7 of this title,[5] and for compliance with law and rule.
Id. § 988.16 (emphasis added) (footnote added).
¶ 7 The Act authorizes the Department of Corrections to "allocate and disburse appropriated funds to local . . . systems through an appropriate funding method[.]" 22 O.S. 2001, §988.15[22-988.15](6). The only place in the Act where the term "funding formula" appears is in Section 988.16(A) which requires each local system to "identify resources other than state funds as part of the funding formula." Id. "A formula is a combination of defined factors which yields a stated result." Miss. RiverFuels Corp. v. Fed. Power Comm'n, 163 F.2d 433, 443 (D.C. Cir. 1947). The first funding method adopted by the Department included the following formula:
 (a) The Deputy Director, Community Sentencing Division, will submit to the Legislature a statewide budget based upon all Local Planning Council budgets. In the event appropriations are insufficient to meet all of the requested budgets, the funding formula
will be applied to the total appropriations to determine the amount of funding available to each Local Planning Council. . . .
 (b) The funding formula is as follows: The actual number of offenders, by planning council, sentenced during the previous fiscal year that would have been eligible to be sentenced to a community sentence. Each Local Planning Council offender total will be a percentage of the state total. This percentage will be multiplied by the appropriated amount for the Statewide System.
OAC 170:25-1-4 (1999) (emphasis added).
¶ 8 The Department of Corrections amended the above funding method at 20 Ok Reg 2334, with the effective date of July 11, 2003, as follows:
 The Deputy Director, Community Sentencing Division, will submit to the Legislature a statewide budget based upon all Local Planning Council budgets. In the event appropriations are insufficient to meet all of the requested budgets, the Deputy Director will allocate a percentage of the funds made available by the legislature to each local sentencing system. Funds will be disbursed based on data reflecting local and statewide felony convictions, the characteristics of offenders receiving a community sentence and the sentencing practices of the courts.
OAC 170:25-1-4 (2003) (emphasis added).
¶ 9 The above method complies with Section 988.16(A), which requires the Division to promulgate rules "based upon objective criteria for allocation of state-appropriated funds to local systems," by using the objective criteria of felony convictions, characteristics of offenders and the sentencing practices of the courts.[6] The rule describes the criteria the Division will use, but does not set forth a mathematical formula reflecting how the criteria will be weighted or applied. Under the formula used by the Department for FY 2004, the Division takes into account the prior felony convictions of offenders, with the greatest amount of funding assigned to offenders with multiple prior felonies and the least amount to offenders with no prior felonies. See Letter from Justin Jones, Deputy Dir., Okla. Dep't of Corr. Cmty. Sentencing Div., Cmty. Corr., to Mr. Joe Bob Reed, Chair, Choctaw/McCurtain/Pushmataha Cmty. Sentencing Planning Council (Mar. 31, 2003) (on file with the Okla. Attorney General's office). This method uses the number of prior felony convictions, an objective measure as required by Section 988.16(A) of Title 22. "Objective" is defined as "expressing or involving the use of facts without distortion by personal feelings or prejudices." Webster's Third New International Dictionary 1556 (3d ed. 1993). The number of an offender's prior felony convictions is a factual determination. Also, "felony convictions" is one of the criteria referenced in OAC 170:25-1-4 (2003).
¶ 10 The Department of Corrections has the legislative authority to adopt a method for allocating State funds to local systems. 22 O.S. 2001, § 988.14[22-988.14](B). The method may include a listing of criteria that will then be used in the development of a specific formula. 22 O.S. Supp. 2003, § 988.16[22-988.16](A). "While it is well settled that the power to formulate laws within this jurisdiction is legislative, `the power to make rules of a subordinate character in order to carry out that policy and apply it to varying conditions, although partaking of a legislative character, is in its dominant aspect administrative and can be delegated.'" J. Brotton Corp. v. Okla. Alcoholic Beverage LawsEnforcement Comm'n, 822 P.2d 683, 685-86 (Okla. 1991) (quotingState ex rel. Hart v. Parham, 412 P.2d 142, 150 (Okla. 1966). Rules "enacted by the administrative agency in pursuance of legislative authority `are presumed to be reasonable and valid.'"Id. at 686 (quoting Hart, 412 P.2d at 152).
¶ 11 The Legislature could have specified a formula for allocating State funds to local systems, as it did for State aid to common schools (see 70 O.S. 2001 Supp. 2003, §§ 18-101-18-125); however, the Legislature chose instead to delegate the allocation to the Department with the stipulation that the allocation method must be "appropriate" and must be "based upon objective criteria." 22 O.S. 2001, § 988.15[22-988.15](6); 22O.S. Supp. 2003, § 988.16[22-988.16](A). Agency decisions may be set aside if they are arbitrary, capricious, abuse the agency's discretion or are not otherwise in accordance with applicable law. Nixon v.Roberts, 420 P.2d 898, 903-04 (Okla. 1966); Capital CitiesCable, Inc. v. Crisp, 467 U.S. 691, 699 (1984); Glass v.United States, 506 F.2d 379, 382 (10th Cir. 1974); see alsoFid. Fed. Sav. Loan Ass'n v. de la Cuesta, 458 U.S. 141,153-54 (1982) ("Where Congress has directed an administrator to exercise his discretion, his judgments are subject to judicial review only to determine whether he has exceeded his statutory authority or acted arbitrarily."). The Department's discretion in the allocation of funds is limited by the Oklahoma Constitution, applicable statutes and rules, and the principle of law that administrative decisions may not be arbitrary, capricious or an abuse of discretion. The Department may adopt a funding formula that does not conflict with these principles.
¶ 12 The power to promulgate a rule adopting a method includes the power to promulgate a rule changing the method. "Just as legislative bodies have the power to amend or rescind their prior enactments, or enactments of prior legislative bodies, administrative agencies possess like powers." A.G. Opin. 86-44, 83. "[A]n administrative agency may modify or repeal its regulations so long as such actions are neither arbitrary nor unreasonable." Id. The Administrative Procedures Act ("APA") recognizes the ability of agencies to amend or modify rules by defining "rule" as including "the amendment or revocation of an effective rule." 75 O.S. 2001, § 250.3[75-250.3](15).
¶ 13 The Legislature has authorized the Department to adopt a funding method and to make allocations of State-appropriated funds to the local systems using objective criteria. 22 O.S.2001, § 988.15[22-988.15](6)-(9); 22 O.S. Supp. 2003, § 988.16[22-988.16] (A). The Department of Corrections may establish funding formulas for allocation of State funds to local community sentencing systems.Id. § 988.16(A). The Department may modify its funding method if the Department promulgates an amended rule establishing a method using objective criteria. Id. The Division may implement the rule amending its allocation method by adopting funding formulas consistent with the criteria listed in the rule. OAC170:25-1-4 (2003). The formulas must not conflict with the Oklahoma Constitution, applicable statutes and rules, and the principle of law that administrative decisions may not be arbitrary, capricious, or an abuse of discretion. Glass,506 F.2d at 382. Within these parameters, the Department of Corrections may establish and subsequently modify funding formulas for disbursing State funds to local community sentencing systems.
 III. Uniformity Of Formulas
¶ 14 You next ask whether funding formulas must be uniform for all the Community Sentencing Planning Councils. The method adopted by the Department in OAC 170:25-1-4 must be uniformly applied — that is, in allocating funds to local systems, the Division must consider data reflecting local and statewide felony convictions, the characteristics of offenders receiving a community sentence and the sentencing practices of the courts. There is no statutory requirement that the Division establish formulas that are uniform for all the Community Sentencing Planning Councils. Rather, the Division is directed to adopt "an appropriate method" and promulgate rules for allocating State-appropriated funds based upon objective criteria. See 22O.S. 2001, § 988.15[22-988.15](3); 22 O.S. Supp. 2003, § 988.16[22-988.16]
(A).
¶ 15 The Division must uniformly apply the method adopted in OAC 170:25-1-4. The funding method has been adopted pursuant to a rule authorized by statute. The definition of "Rule" is "any agency statement . . . of general applicability and future effect that implements, interprets or prescribes law or policy." 75O.S. 2001, § 250.3[75-250.3](15). By definition, rules must be of general applicability. It is well established that "a law can be general even though it does not operate universally and alike on all persons throughout the state." Fair Sch. Fin. Council v. State,746 P.2d 1135, 1150 (1987) (finding that school finance laws do not violate Okla. Const. art. V, § 59 because such laws apply to all districts of the State even though the impact of the funding system may differ from district to district). Id. Application of the funding method used by the Division may impact local systems differently. These variances do not violate the requirement that rules must be applied generally. Thus, the funding formulas are not required to be uniform for all the Community Sentencing Planning Councils. However, the formulas must be consistent with the Act and rules, and may not be arbitrary or capricious. Nixon, 420 P.2d at 904.
 IV. Applicability Of The Administrative Procedures Act
¶ 16 Your last question is whether the Department of Corrections must follow the APA in establishing funding formulas. The Community Sentencing Act requires the Community Sentencing Division of the Department of Corrections to "[p]romulgate rules pursuant to the Administrative Procedures Act for the implementation and operation of the Oklahoma Community Sentencing Act[.]" 22 O.S. 2001, § 988.15[22-988.15](3). The Act requires the Division to promulgate rules for local systems:
 [B]ased upon objective criteria for allocation of state-appropriated funds to local systems for day-to-day operation during a fiscal year which may include identification of:
 1. Fiscally responsible allocations of services and funds;
 2. Innovative or effective programs of the local system; and
3. Appropriate targeting of offenders for services.
22 O.S. Supp. 2003, § 988.16[22-988.16](A).
¶ 17 As noted in the previous section, the Department of Corrections has adopted its funding method pursuant to the APA.See OAC 170:25-1-4 (2003). The Community Sentencing Act does not require the Division to adopt rules establishing funding formulas, but rather requires it to adopt rules establishing an appropriate funding method.
¶ 18 Because the Act does not specifically require the Department to promulgate a rule establishing a funding formula, it is necessary to review the APA to determine if the APA requires the Department to promulgate its funding formula as a rule. The APA defines "rule" as:
 15. [A]ny agency statement or group of related statements of general applicability and future effect that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of the agency. The term "rule" includes the amendment or revocation of an effective rule but does not include:
. . . .
 c. statements and memoranda concerning only the internal management of an agency and not affecting private rights or procedures available to the public. . . .
75 O.S. 2001, § 250.3[75-250.3].
¶ 19 This office has previously considered the question of whether the Department of Corrections was required to comply with the APA in adopting a formula for calculating the population of the prison system for purposes of the Oklahoma Prison Overcrowding Emergency Powers Act. See A.G. Opin. 99-56. Relying on the definition of a rule in Section 250.3(15), we determined, "If the formula for calculating the population of the prison system does not affect the private rights of its prisoners or procedures available to the public, it is not a "rule" within the meaning of the APA." Id. at 269. We concluded that the formula was not a rule, but "an internal management decision following a legislative dictate giving the Department authority to determine capacity of the prison system." Id. at 273. In this case, a funding formula does not affect private rights or procedures available to the public, but rather the internal management of the statewide community sentencing system. The Department has been given legislative direction to adopt a rule for allocation of funds based on objective criteria. 22 O.S.2001, § 988.15[22-988.15](3); 22 O.S. Supp. 2003, § 988.16[22-988.16](A). The Department has done so in OAC 170:25-1-4. The Department is not required to follow the APA in adopting funding formulas that are based on its funding method rule.
¶ 20 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Oklahoma Community Sentencing Act, 22 O.S. 2001 Supp. 2003, §§ 988.1-991a-1.1, authorizes the Community Sentencing Division within the Department of Corrections to allocate and disburse appropriated State funds to local community sentencing systems through an appropriate funding method, and to promulgate rules based upon objective criteria for allocation of State-appropriated funds to local systems. 22 O.S. 2001, § 988.15(3),(6); 22 O.S. Supp. 2003, § 988.16(A). This express authorization allows the Department to establish funding formulas for allocating State funds to local systems. See OAC 170:25-1-4 (2003). The authority to establish formulas includes the authority to modify formulas. The formulas must be consistent with applicable laws and may not be arbitrary or capricious. Nixon v. Roberts, 420 P.2d 898, 903-04 (Okla. 1966).
 2. The Community Sentencing Act does not require the Department to adopt funding formulas that are uniform for all the Community Sentencing Planning Councils, but rather directs the Department to allocate State funds through an appropriate funding method ( 22 O.S. 2001, § 988.15(6)-(9)) based on objective criteria ( 22 O.S. Supp. 2003, § 988.16(A)). The Department must uniformly apply the rule describing its allocation method. Applying the funding method rule may result in variations in funding formulas for the various local Community Sentencing Planning Councils. See OAC 170:25-1-4 (2003).
 3. Neither the Community Sentencing Act nor the Administrative Procedures Act ("APA") requires the Department of Corrections to establish funding formulas pursuant to the APA. The Department must follow the APA in adopting an appropriate funding method for allocating State-appropriated funds using the objective criteria. 22 O.S. Supp. 2003, § 988.16(A). The funding method rule may be the basis for establishing funding formulas. See OAC 170:25-1-4 (2003). The Department is not required to establish specific funding formulas pursuant to the APA.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 KATHRYN BASS Assistant Attorney General
[1] A deferred judgment is not available to defendants who have been previously convicted of a felony offense unless the court waives the prohibition upon written application of the district attorney. 22 O.S. Supp. 2003, § 991c[22-991c](F).
[2] A suspended sentence is not available to defendants being sentenced upon "their third or subsequent to their third conviction of a felony" unless the court waives the prohibition upon written application of the district attorney. Id. § 991a(C).
[3] The purpose of the assessment is "to identify the extent of the defendant's deficiencies and pro-social needs, the potential risk to commit additional offenses that threaten public safety, and the appropriateness of various community punishments." Id.
§ 988.18(B).
[4] "Moderate Range" is defined as "the middle range of an objective assessment instrument using scores validated for Oklahoma offenders." OAC 170:25-1-3 (2000).
[5] Section 988.7(A) of Title 22 provides, "A plan that conforms with the purposes and goals of the Oklahoma Community Sentencing Act shall not be modified or disapproved [by the Division] except when the plan requires more funding than is available to the local system."
[6] References to "sentencing practices" of the courts appear in several sections of the Act. See 22 O.S. 2001, § 988.6[22-988.6](6) (the local planning council shall "[a]ssist in monitoring the sentencing practices of the court to ensure the local community sentencing system functions within the allocation of resources and according to the provisions of this act;"); see also id. § 988.10(C) ("The statewide system and each local system is required to monitor sentencing practices and eligibility requirements, prioritize expenditures, and operate within available resources for eligible offenders.").